(33 App. Div. 369.)

RHODES v. LEWIN.

(Supreme Court, Appellate Division, First Department. October 21, 1898.)

1. COMPLAINT—AMENDMENT—AFFIDAVIT.
Affidavit on motion to amend the complaint by increasing the damages on the ground that they were more serious than supposed when action was brought should be made by plaintiff, the facts being peculiarly within his knowledge, and not by his attorney.

2. SAME—TIME FOR MOTION.
Plaintiff, having for a long time known that the damages were more than alleged in the complaint, should move for amendment at special term, and not merely give notice to defendant, and wait till trial therefor.

Appeal from special term, New York county.

Action by Rachael J. Rhodes against Julius Lewin. From an order granting leave to amend complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

G. Hahn, for appellant.

J. A. Hodge, Jr., for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The original complaint alleged the damages to be $2,000. The action was commenced on the 14th of July, 1896. Issue was joined therein on the 17th of August, 1896, and the case was noticed for trial in October, 1896. A motion was made for leave to amend the complaint by increasing the damages upon the ground that the injuries were more serious than they were supposed to be at the time the action was brought. The affidavit upon which the motion was founded was made by the plaintiff's attorney, and not by the plaintiff, and no reason is given for the absence of an affidavit by the plaintiff. This fact alone would be sufficient to reverse the order. It is the well-settled practice that, unless the facts upon which a motion is based are peculiarly within the knowledge of the attorney, the affidavit should be made by the party. In the case at bar the facts must have been peculiarly within the knowledge of the plaintiff, and the affidavit of the attorney is necessarily

founded upon information received from the party whose affidavit could easily have been produced.

But there is another ground upon which this motion should have been denied. It seems that for a long period of time prior to the making of the motion the plaintiff's attorney had been aware of the facts upon which the same is based. It does not appear how long before this the plaintiff became cognizant of the same. Notwithstanding this fact, all that he did looking towards an amendment was to notify the defendant's attorney, some months before the case came on for trial, that he intended upon the trial to move for increased damages; and this is what he did when the case was called for trial. The court denied the motion, but gave the plaintiff leave to withdraw a juror for the purpose of moving at special term, and the case went over. It has long been settled that the trial term is not the place for the amendment of pleadings unless in respect to some feature of the case which has unexpectedly developed itself. In this case the facts were known long before the trial. The proper practice, therefore, was to apply to the special term as soon as the facts were ascertained which made it necessary or advisable that an amendment should be had, so that, when the case came up for trial, the parties might have their pleadings in order, and the court might proceed to trial without hearing preliminary motions in regard to amendment of the pleadings. This rule the plaintiff wholly failed to observe, and the motion should have been denied on this ground as well.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.