gone to trial, but had been discontinued or dismissed. In any event, it was not res adjudicata, and was immaterial. As it is impossible to say that these errors may not have influenced the judgment, it must be reversed, and a new trial granted, with costs to the appellant to abide the event.

---

### EDGE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. INJURIES—SPECIAL DAMAGES — PLEADING—NECESSITY—PROOF—COMPLAINT—AMENDMENT—SURPRISE.

In an action for injuries, plaintiff was allowed at the trial to amend his complaint by setting up special damages for the services of a man to take his place while plaintiff was suffering from the injuries, and evidence was received that plaintiff paid $340 for such services. His bill of particulars made no mention of such expense, but did state the amount paid his physician, and there was no evidence that the amount paid for such services was a fair compensation. Defendant's counsel asked to withdraw a juror on account of surprise and inability to meet the issue. *Held*, that the allowance of the amendment and reception of the evidence constituted reversible error.

2. SAME—EXPENDITURES—EVIDENCE OF FAIRNESS.

In an action for injuries sustained by plaintiff by being thrown from his wagon in a collision with one of defendant's cars, evidence that plaintiff paid $70 to have the wagon repaired was inadmissible, in the absence of proof that such repairs were proper and worth the sum paid.

Appeal from trial term.

Action by Benjamin Edge, Jr., against the Third Avenue Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Eugene Treadwell (Henry L. Scheuerman, on the brief), for appellant.

S. D. Morris, for respondent.

GOODRICH, P. J. The plaintiff was driving a team of horses attached to a furniture van up Third avenue, Manhattan, upon which the defendant operated its railroad. He was on the east or right-hand side of the avenue, and at Fifty-Eighth street, where the avenue was torn up so as to prevent his continuing on that side, he turned his horses to cross the defendant's tracks. While in the act of crossing the west track the right hind wheel of the van was struck by a car going south, and he was thrown off, and received injuries. It is not necessary to narrate the other facts, as the evidence was of such character as to require a submission of the issues to the jury. The plaintiff recovered a judgment, and the defendant appeals.

It is unnecessary to consider any question raised by the defendant other than the following: An amendment of the complaint was allowed at the trial, by which the plaintiff was permitted to allege and prove special damages in being compelled to hire a person to take his place and do his work. In Gumb v. Railroad Co.,

114 N. Y. 411, 21 N. E. 993, the plaintiff had not alleged special damages, but, over the defendant's objection, was permitted to prove that while suffering from his injury he employed two men to work in his place at an expense of $135. The court reversed a judgment for the plaintiff, saying (page 414, 114 N. Y., and page 994, 21 N. E.):

"When a plaintiff alleges that his person has been injured, and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury (which are called general damages), under a general allegation that damages were sustained; but, if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury (which are called special damages), he must allege the special damages which he seeks to recover. It is not alleged in the complaint that the plaintiff expended money in hiring others to work in his place. The defendant had no opportunity of contradicting the evidence, and its reception was error. [Citing cases.] The plaintiff was permitted to testify that he had paid seventy dollars for the reparation of his wagon. The defendant objected to this evidence, upon the ground that it did not establish the extent of the injury or the value of the repairs. The objection was overruled, and the defendant excepted. In the absence of evidence that the repairs were proper or worth the sum paid, it was error to hold that the sum paid could be recovered."

In Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106, Van Brunt, P. J., remarked (pages 370, 371, 33 App. Div., and page 107, 54 N. Y. Supp.):

"It has long been settled that the trial term is not the place for the amendment of pleadings, unless in respect to some feature of the case which has unexpectedly developed itself. In this case the facts were known long before the trial. The proper practice, therefore, was to apply to the special term as soon as the facts are ascertained which made it necessary or advisable that an amendment should be had, so that when the case came up for trial the parties might have their pleadings in order, and the court might proceed to trial without hearing preliminary motions in regard to amendment of the pleadings."

The only question which arises in my mind is whether the court exercised properly its discretion in permitting the amendment, and whether the defendant was in fact surprised or injured thereby. The defendant's counsel stated that he was surprised, and unprepared to meet the allegation, and asked to withdraw a juror, which was refused. I am of the opinion that the amendment ought not to have been allowed. The complaint alleged that the plaintiff's injuries had prevented him from properly attending to his business. A bill of particulars was served, in which there was no mention of the money paid for assistance. The only item which by any possibility can relate to it was: "Plaintiff is in the trucking, hauling, and furniture moving business, and is yet unable to do his business." The omission to state the payment of any sum for assistance is emphasized by another item of the bill of particulars, in which the amount paid a physician was stated. The plaintiff, over the defendant's objection and exception, was allowed to testify that he employed a man for 10 months, and paid him $8 per week, which would amount to about $340. There was no evidence that this was a fair compensation.

It seems to me that it was reversible error to permit the amendment at the trial and admit the evidence. The special damages

proved amounted to more than a quarter of the verdict recovered. There was nothing to apprise the defendant of this special damage, so as to give it opportunity to refute it. It might well have believed that the omission to allege special damage in the complaint, followed by silence in the bill of particulars, obviated the necessity of preparation to meet the item at the trial. While I recognize the latitude which should be given to the trial justice in regard to amendment of pleadings, I think it was error to permit the amendment in the present instance. The judgment must be reversed.*

Judgment and order reversed, and new trial granted, costs to abide the event. All concur.