(83 App. Div. 363.)

JACOBS v. EDELSON et al.

(Supreme Court, Appellate Division, First Department. May 15, 1903.)

1. PURCHASE-MONEY MORTGAGE—FORECLOSURE—DEFENSES.
    A vendee of land gave a purchase-money mortgage in part payment thereof, and thereafter claimed fraud in the transaction, whereupon, on a promise of repayment of the consideration, he was induced, by fraud, to convey the property to the vendor's wife, but the consideration was not returned. This last conveyance was invalidated at the suit of the vendee's creditors. *Held*, that as by such conveyance to the wife he had lost his title to the property, and placed it beyond his power to rescind the original agreement on foreclosure of the mortgage, he could not set up the fraud in both transactions to defeat the same.

2. SAME—CREDITORS' JUDGMENT—EFFECT.
    The judgment in favor of the vendee's creditors, setting aside his conveyance to the vendor's wife, did not alter the case in his favor.
        Patterson, J., dissenting.

Appeal from Special Term, New York County.

Suit by Solomon Jacobs against Charles Edelson and others. From a judgment dismissing the complaint, and cancelling a bond and mortgage given by defendants to plaintiff, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

H. Aaron, for appellant.
Alfred Epstein, for respondents.

INGRAHAM, J. The action was brought to foreclose a mortgage given to secure the payment of a bond for $9,500, upon which there is due the sum of $8,500. The mortgagor answered, admitting the execution and delivery of the bond and mortgage, and alleging that he had been induced to purchase the mortgaged premises by false and fraudulent representations made to him by the plaintiff; that, shortly after, the mortgagor obtained knowledge of the falsity of the representations made, and he attempted to sell the mortgaged premises; that subsequently the mortgagor agreed with the plaintiff to convey the said mortgaged premises back to the plaintiff for the sum of $33,625, and that thereupon "the plaintiff and his wife, Sarah Jacobs, conspired by trick and device, and, by false and fraudulent representations, induced said defendants to execute and deliver a deed of said premises No. 66 Thompson street, New York City, to said Sarah Jacobs, wife of said Solomon Jacobs, and one of the defendants in this action, who is now the owner of said premises, without any consideration therefor to those defendants"; and the answer also set up a counterclaim for damages occasioned by the fraudulent and false representations. The court found that the purchase of the prop-

erty by the defendants was induced by false and fraudulent representations made by the plaintiff to the defendants; that, shortly after the defendant Edelson had obtained possession of the premises, he ascertained that the representations and statements made by the plaintiff as to the cost value and rents of the said premises were wholly false and untrue, and, upon his informing plaintiff of this fact, it was agreed that defendants should reconvey the premises to plaintiff for the sum of $33,625, and plaintiff and his wife, Sarah Jacobs, induced the defendants to execute and deliver a deed of said premises to said Sarah Jacobs, and one of the defendants in this action, without any consideration therefor, and this latter deed was subsequently set aside as fraudulent and void by a judgment and decree of this court.

We assume that there was evidence to sustain this finding, but we think that, upon this finding, a dismissal of the complaint and a refusal to allow a foreclosure of the mortgage was error. Undoubtedly this finding was sufficient to justify the court in refusing to award a judgment against the mortgagor for a deficiency, but there was nothing to justify the court in refusing to foreclose the mortgage. It appeared that, subsequent to the conveyance by the plaintiff to the defendant Charles Edelson of the mortgaged premises, other parties had acquired liens upon the property, and the only way in which the title could be cleared was by a foreclosure of this mortgage. To justify the court in refusing to enforce the mortgage given upon the property to secure the payment of a portion of the consideration, the defendants were required to disaffirm the sale, and tender back to the plaintiff the title to the property. After he had acquired knowledge of the fraud, by his voluntary act he conveyed the property to a third party, and thus put it out of his power to comply with this condition, which was necessary before there could be a rescission of the sale, or an avoidance of the mortgage given to secure a part of the consideration for the conveyance of the property. By this voluntary conveyance, he surrendered the title to the property, and has no interest in preventing the enforcement of the mortgage. He was not, therefore, in a position to ask that the mortgage be canceled. It is a well-settled principle that "the law not only requires a disaffirmance of the contract at the earliest practicable moment after discovery of the cheat, but a return of all that has been received under it, and a restoration of the other party to the condition in which he stood before the contract was made. To retain any part of that which has been received upon the contract is incompatible with its rescission. * * * . The defendant could not, with a knowledge of the fraud which had been practiced upon him, take any benefit under the contract, or change the condition of the property, the subject-matter of the contract, and then repudiate the contract." Cobb v. Hatfield, 46 N. Y. 537.

The mortgagor having conveyed all of his title to the property to a third party, it is quite immaterial whether that third party was or was not the wife of the plaintiff, or that that conveyance was made at his request. The mortgagor, in conveying the property after full knowledge of the fraud, acted in a manner entirely inconsistent with his right to rescind. He could hold the property, and sue the plain-

tiff for the damages sustained in consequence of the fraud practiced upon him; but upon discovery of the fraud he was put to his election, and when he conveyed the property it was a ratification of the contract, which estopped him from rescinding the sale and asking to have the mortgage canceled.

The judgment setting aside the transfer of the property to the plaintiff's wife as to the mortgagor's creditors did not change this situation, or entitle the mortgagor to rescind. That judgment did not affect the title of the property, except so far as it related to the creditors of the mortgagor. They were parties to this action, and, if they had any rights in this property as against either the plaintiff or the grantee in the conveyance from the mortgagor, they could have appeared and defended in this action, and protected whatever rights they had. But this mortgagor who did appear and defend, having no interest in the property, and not being in a position to insist in this action upon a rescission, was not entitled to any relief as against the mortgage. Assuming that he had the title to the property, neither in his complaint nor upon the trial did he offer to convey, nor did he tender a deed to the plaintiff which would insure to the plaintiff the title to the property which had belonged to him, and which he had conveyed to the defendant as the consideration of which the mortgage in suit was given.

I think the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur.

PATTERSON, J. I am unable to concur in the views of this case entertained by the majority of the members of the court. The action was brought to foreclose a mortgage given as part of the purchase price of premises on the easterly side of Thompson street, near Broome street, in the city of New York. The defense is that the defendant Charles Edelson was induced to purchase the premises through fraudulent representations made by the plaintiff, the vendor. Authority for such a defense is found in Fairchild v. McMahon, 139 N. Y. 290, 34 N. E. 779, 36 Am. St. Rep. 701. The answer also sets up a counterclaim. On the trial of the cause at Special Term, the complaint was dismissed, as was also the counterclaim. The plaintiff alone appeals. The judgment, in addition to dismissing the complaint on the merits, also directs that the bond to which the mortgage was collateral be delivered up and canceled, and the defendant and his wife be relieved from any liability thereon; and it further directs that the mortgage be vacated and set aside, and that the register of the county of New York cancel and discharge it of record.

On the evidence in the case, the court below was justified in finding that false and fraudulent representations were made by the vendor, and that the defendant Charles Edelson was induced thereby to make the purchase. It was shown that prior to the purchase by the defendant of the property in Thompson street, and the giving of the purchase-money mortgage, he owned land on Long Island,

which was subject to a mortgage. The plaintiff owned the property in Thompson street, and he represented to the defendant that the property had cost and was worth $44,750. The plaintiff had only paid $35,500 for it. False representations were also made as to the rental of the Thompson street property. Relying on those representations, the defendant Charles Edelson exchanged the property on Long Island for the Thompson street property, and gave in addition certain personal property and a promissory note for $500, and executed the mortgage for $9,500 sought to be foreclosed in this action. After the defendant named had accepted the deed of the property in Thompson street, he ascertained that the statements made by the plaintiff were false, and thereupon an arrangement was made by which it was agreed that the property should be reconveyed to the plaintiff, and the defendants Edelson executed a deed of the premises to the plaintiff's wife at the plaintiff's request; but it seems, according to the testimony of Charles Edelson, that the Thompson street property was reconveyed under promise by Jacobs that he would sell it for $44,750. Thereafter, creditors of Edelson brought an action to set aside the deed of the Thompson street property made by the Edelsons to the plaintiff, upon allegations that such conveyance was fraudulent and void as to creditors, and in that action the conveyance was set aside; but what became of the property—whether it was sold, or what the condition of the title was at the time the present suit was begun—does not appear.

There was sufficient evidence in the case to authorize the justice at Special Term to find that the original transaction was tainted with the fraud of the plaintiff. Under the peculiar facts of this case, it does not seem to have been necessary for the defendant Charles Edelson to do anything more by way of an attempt to rescind the transaction than he did. The Thompson street property was reconveyed, at the request or with the acquiescence of the plaintiff, to his wife. While the conveyance was set aside by the court, in favor of the creditors of Charles Edelson, the title to the property did not revert to Edelson. He was not obliged to tender a new deed to Jacobs, for the decree in the creditor's action declared the conveyance therein condemned to be fraudulent and void as against the plaintiffs therein. While it was void as to creditors, it was good inter partes. Porter v. Williams, 9 N. Y. 150, 59 Am. Dec. 519; Andrews v. Durant, 18 N. Y. 496. Edelson's deed would not have put the title back in the plaintiff. A deed from Mrs. Jacobs would have been required, also, and she held the property at the procurement of the plaintiff, and still holds it, unless, indeed, it has been sold under the judgment in the creditors' action, or she has parted with it, and of that we know nothing.

It is urged, further, that Charles Edelson, after accepting the conveyance of the Thompson street property, dealt with it as his own, and has thus debarred himself from claiming fraud in the original transaction of purchase of that property from the plaintiff. If his conduct with reference to the property is to be so construed, the objection to his maintaining this defense might prevail. He alleges in his answer that he made efforts to sell it, but it is apparent that in doing so he

was testing the market, and through those efforts ascertained the value of the property to be less than that represented by the plaintiff, for those representations were not expressions of opinion, but were based upon the plaintiff's own false declarations of what he paid for it. The giving of the power of attorney by Charles Edelson to the plaintiff's wife to collect the rents is not to be regarded as an act of ownership, binding him to the purchase, for that power of attorney was given contemporaneously with the conveyance of the property, and the giving back of the mortgage sought to be foreclosed in this action. The nature of the transaction connected with the reconveyance of the property to the plaintiff's wife, as his nominee, in connection with the written guaranty, is also referred to as binding the defendants to the original purchase. It is true that in that written guaranty it is stated that the purpose of the conveyance to the plaintiff's wife was to enable Sarah Jacobs to enter into a contract of sale of the premises to other parties for the consideration of $33,375, such contract being made for the benefit of Charles Edelson. The judge at Special Term, however, must have considered that guaranty in connection with testimony, that was given and received without objection, that that instrument was executed under a promise made that he would guaranty a customer for $44,750, provided Charles Edelson would transfer the house to him. Thereupon the defendant Charles Edelson agreed to make the reconveyance. The judge at Special Term evidently took the view of the case which he was authorized to take—that all this was a transaction really with the plaintiff, while nominally with his wife. It is scarcely credible that the plaintiff, within two months after he paid the full consideration of $44,750 for this piece of property, should have retransferred it to the seller, or the seller's appointee, for $11,000 less, if some such arrangement were not made as Charles Edelson testified to.

I do not think these acts should be considered, in a court of equity, as binding the defendant Charles Edelson to the original purchase in such a way as to defeat his right to set up the fraud and transaction as a defense to the mortgage. That he is interested in defeating the foreclosure results from the fact that he may be chargeable for a deficiency on a sale of the mortgaged premises. The case is a peculiar one, and I think its decision must depend altogether upon the special facts as they appeared on the trial; and on those facts the defendant was, I think, entitled to judgment.