## POERSCHKE v. HOROWITZ et al.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. MECHANIC'S LIEN FORECLOSURE—MODIFICATION OF CONTRACT—AMENDMENT OF COMPLAINT.

Where a building contract provides that the owner may request any alterations, deviations, additions, or omissions, and that the same shall not avoid the contract, it is proper, at the trial of a mechanic's lien foreclosure, to permit an amendment of the complaint, which has alleged performance of the contract, so as to show modifications thereof at the owner's request.

2. JUDGMENT—CLERICAL ERROR—CORRECTION—COSTS ON APPEAL.

Where an appellant has failed to move for the correction of a clerical error in the amount for which judgment is rendered, and the correction of the judgment is the only relief given him on appeal, he will not be granted costs on the appeal.

3. SAME.

An appellant's failure to move the court below for the correction of a clerical error in the amount for which judgment was rendered will not preclude the correction of the error on appeal.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Edward R. Poerschke against Philip Horowitz and others. From a judgment for plaintiff, defendants appeal. Modified.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Jacob Manheim, for appellants.

William R. Hill, for respondent.

LAUGHLIN, J. This is an action to foreclose a mechanic's lien. It is alleged in the complaint that on the 25th day of June, 1901, the appellants Philip and Meyer Horowitz entered into a contract in writing with the respondent, by which the latter agreed to furnish the material and perform the labor required in and about the "mason-work, marble tiling, plastering, concrete, etc., furnishing all materials and other work" mentioned in the plans and specifications annexed to the contract for the construction of a new building at Nos. 54 and 56 Eldridge street, in the borough of Manhattan, New York, the premises being owned by Philip Horowitz. The consideration to be paid for the complete performance of the contract was $16,400. Two modifications of the contract by agreement of the parties are expressly pleaded in the complaint—the one, by which extra work in connection with the dumb-waiter at an agreed price of $50 was done; and the other, by which the tilework was to be omitted, and performed by the owner, on the understanding that there should be a reasonable deduction therefor from the contract price.

The only questions arising on the appeal that require consideration are those relating to certain amendments of the complaint setting forth other modifications of the contract and specifications by agreement of the parties under which there was a substitution of material in four respects. The court refused to allow the plaintiff to prove that the substitutions were made with the consent and by

the direction of the owner and his associate contractor under the complaint as framed. In effect, the objections to the amendments challenge the power of the court on the trial of the issues to allow the same; but no claim was made that the defendants were not prepared to meet the issues tendered by the amendments, except that counsel stated, "We did not come here to try any such new issues," and "We plead surprise." No request was made to have the complaint formally amended and served, or for leave to plead thereto; nor was any application made to the court for an adjournment on the ground of surprise. The contract was neither set out in the complaint nor annexed thereto. After alleging the making of the contract and the two modifications referred to, the complaint alleges that the plaintiff "furnished all the materials, performed the conditions of the contract as modified, and in all things duly performed all the conditions of said contract, as modified, by him to be performed." The contract is annexed to and made a part of the answer. It provides, among other things, that, "should the owner at any time during the progress of said building request any alteration, deviation, additions, or omissions from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation." The specifications annexed to the contract require, among other things, (1) that all brick should be new Haverstraw brick; (2) that certain floors should be constructed with "Rapp's patent system of fire proofing; (3) that the front, rear, and side walls should be lathed with spruce lathing; and (4) that the walls of the kitchens and bathrooms should be "treated with No. 1 A superfine Keene's cement." The amendments to the complaint allowed upon the trial charged that the contract was further modified by consent of the parties (1) by permitting the respondent to use a certain number of secondhand brick; (2) by requiring him to use other fireproofing instead of Rapp's system; (3) by requiring that the lathing on the outside walls be omitted, and the plaster applied directly to the wall; and (4) by requiring other cement to be substituted for Keene's. The answer of the contracting parties put in issue, among other things, the performance of the contract by the plaintiff, and set up a counterclaim for, among other things, (1) the use of the old bricks; (2) the use of fireproofing other than Rapp's patent system; (3) the failure to lath the outer walls; and (4) the failure to use Keene's cement in the kitchens. It thus appears that the parties to the contract who are appellants set up specifically as their defense the substitution of materials concerning which the plaintiff was allowed to amend upon the trial. The plaintiff gave evidence tending to show that all of these changes were not only made with the consent of the owner and his associate contractor on the one side, but by their direction and for their benefit.

This court has recently had occasion to consider and determine the authority of a referee or court upon the trial to permit amendments to the pleadings in a case quite similar to this. Perry v. Levenson (Feb. Term, 1903) 81 N. Y. Supp. 586. We there held that

"the only limitation upon this authority seems to be that the amendment shall not change substantially the cause of action or embrace a new one," and cite the cases sustaining that rule, which it is unnecessary to consider anew. That was an action to foreclose a mechanic's lien, and the principal questions presented related to the power of a referee to allow amendments upon the trial showing modifications and omissions from the plans and specifications. There, as here, the contract contained a clause authorizing the owner to require changes, alterations, and omissions, and we held, it being the duty of the contractor to make such deviations from the plans and specifications as should be directed or required by the owner, that proof of modifications or omissions made by the direction of the owner was but proof of the performance of the contract; and that at most the amendments of the complaint, setting forth such modifications or omissions, merely made the complaint more definite and certain concerning the allegations of performance of the contract. The action is still upon the contract as alleged. If the owners had set up the failure of the plaintiff to make changes and alterations in the work, or substitution of materials as directed by them, proof of this under such a contract would constitute a defense, because it was the express contract duty of the plaintiff to make such changes and alterations. By these amendments and the evidence received thereunder no new cause of action is alleged or proved, nor is the cause of action originally pleaded substantially changed. It is manifest, therefore, that these amendments, if necessary at all in the absence of a motion to make the complaint more definite and certain with respect to the allegations of performance of the contract, were such as the court was authorized to make upon the trial. The record discloses nothing to indicate that this was not a proper case 'for the allowance of the amendments. The effect of the amendments was to relieve the owner and his associate contractor from proving the changes and modifications set up in their answer. The plaintiff, in effect, conceded their claims in that regard, but proposed to show that the changes were made by their direction and consent, and did so by satisfactory evidence. This evidence consisted of interviews between the plaintiff and the owner, who was in court, and was examined fully, and was manifestly as prepared then as he ever could be to meet it.

Counsel for the appellants points out a clerical error in the decision, by which the judgment has been authorized for $200 more than was intended. The court found that the plaintiff had done extra work of the value of $50, for which he had not been paid, and that the final installment of $4,000 had not been paid on the contract, and that there should be deducted from the contract price the sum of $1,377, the fair and reasonable value of the work omitted and of deductions on account of changes and alterations. It is recited in the decision "that there is now due the plaintiff on account of said contract the sum of $4,050 (the last payment on said contract, together with the sum of $50 for extra work), less the sum of $1,377, making a balance of $2,873, with interest thereon from the 6th day of April, 1903." Judgment was directed for this amount, with costs,

including an extra allowance, and the judgment was entered accordingly. The balance was only $2,673, not $2,873, as stated. This is manifestly a clerical error, which could and should have been corrected by motion. The failure of the appellants to pursue that inexpensive remedy justifies us in not awarding them costs, there being no other error found; but it does not warrant a refusal to correct the judgment. The judgment should, therefore, be modified by deducting $200 and interest thereon from the 6th day of April, 1902, to the date of the entry of judgment, and, as so modified, affirmed, without costs.

O'BRIEN, J., concurs. PATTERSON, J., concurs in result.

INGRAHAM, J. I dissent. I think that, assuming that the court would have the power upon the trial to allow such an amendment to the complaint as was allowed in this case, the defendants were entitled to have the amended complaint served to which they had a right to answer. The action was based upon the completion of a contract, with the exception of certain specified items. That was denied by the defendants. Upon the trial it appeared that the contract had not been completed in other particulars than those specified, and the plaintiff was allowed to amend the complaint, which substituted for the completion of the contract as alleged a waiver of its completion in certain important particulars. Under those circumstances, before the defendants could be called upon to try the case, they were entitled to have the complaint upon which the cause of action was based served upon them, with the right to answer, and properly prepare to try the issues then presented. For this reason I think the judgment should be reversed.

McLAUGHLIN, J. (dissenting). It is conceded in the prevailing opinion that the judgment appealed from is erroneous, at least to the extent of $200, and that it should be modified by deducting this sum, and yet, notwithstanding this fact, it is proposed to make the appellants pay the costs of the appeal, by way of punishment for appealing, it being suggested that the proper practice should have been by motion instead of appeal. This is to be done upon the theory that the $200 to be deducted was included in the judgment by a clerical error. But this fact does not appear, and, if it did, it was an error committed by respondent's attorney, and not by the appellants. The judgment follows the decision in this respect, and it is difficult to see how a motion to correct the judgment would have cured the error. Not only this, but the respondent's attorney insists upon the appeal, in the brief presented, that "the findings of the court on the facts should not be disturbed," and that "the judgment should be affirmed." Nor do I think the proper practice would have been by motion instead of appeal. Where a judgment is erroneous, the statute gives to the party aggrieved the right to appeal. The appellants exercised this right, and ought not to be punished for doing what the statute authorizes. For these reasons I do not think the appellants should be required to pay costs.

Upon the merits of the appeal I am of the opinion the judgment should be reversed, and a new trial ordered. The complaint, after stating the execution of the contract by which the plaintiff agreed to erect for the defendants Horowitz a building according to certain plans and specifications, alleged that the plaintiff "duly performed all conditions of said contract" except in two respects, in which modifications were set out. The answer denied that the plaintiff had performed the contract on his part, and as a separate defense and by way of counterclaim alleged plaintiff's failure to perform, and stated in what respects such failure consisted; among others, (1) the use of old bricks instead of new ones; (2) the use of inferior fireproofing and cement; and (3) failure to lath walls. Plaintiff served a reply, in which he denied "each and every allegation" of the answer which purported "to set up a counterclaim." The issue thus presented was whether plaintiff had performed his contract, and it was upon this issue that the parties went to trial. During the course of the trial it appeared that the plaintiff had not performed his contract, in that he had used 172,000 old bricks instead of new ones, inferior cement and fireproofing, and had not lathed certain walls; but it was claimed that a recovery could nevertheless be had, because the contract had been modified in this respect, and amendments of the complaint were permitted, against the objection and exception of defendants, so as to admit proof showing such modification. The proof admitted on the part of the plaintiff, which was denied by defendants, was to the effect that the defendants or their superintendent had orally agreed to these changes. That the court had the power to permit the amendments cannot seriously be questioned, but it seems to me, upon the facts presented, the power ought not to have been exercised. The plaintiff knew when he served his reply that he had not performed the contract. Defendants had so alleged in their answer, and had pointed out the particulars in which the contract had not been complied with, and yet the plaintiff insisted that he had, and it was not until the trial had actually been entered upon that a recovery was sought upon any other ground than that of strict performance of the contract. The purpose of a pleading is to notify the opposing party of the precise ground upon which a recovery will be sought upon the one hand or defeated upon the other. This purpose is ineffectual if a party can allege strict performance in his complaint, and at the trial have a recovery for nonperformance upon the theory that there was a waiver; or, in the language of Judge Earl (Southwick v. First Nat. Bk. of Memphis, 84 N. Y. 420): "If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." A pleading ought not to be amended at Trial Term, except as to some feature of the case which has been unexpectedly developed during the course of the trial. Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106.

For these reasons I dissent.