(99 App. Div. 487)

OATS v. NEW YORK DOCK CO.

(Supreme Court, Appellate Division, Second Department. December 1, 1904.)

1. COMPLAINT—AMENDMENT—SURPRISE—NEW TRIAL.

    In a personal injury action by a longshoreman against a dock company, the complaint charged negligence, owing to the unsafe fastening of a particular door, which fell on plaintiff. On the trial the plaintiff sought to prove a general dilapidated condition of the dock, and, on the court refusing to admit the evidence, an amendment, over defendant's objection and claim of surprise, was filed. The trial resulted in a verdict for plaintiff under the charge of general dilapidation of the dock. *Held*, that defendant was entitled to a new trial, though no application was made for a postponement; the court having informed counsel when the claim of surprise was made that he should have been prepared in advance to meet the proof permitted by the amendment.

Appeal from Trial Term, Kings County.

Action by Michael Oats against the New York Dock Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

H. Snowden Marshall (Geo. Gordon Battle, on the brief), for appellant.

William O. Miles, for respondent.

HIRSCHBERG, P. J. The plaintiff was injured by the falling upon him of a large, heavy door inclosing a shed upon a dock in the borough of Brooklyn, leased or controlled by the defendant. The door was a sliding door, was on wheels, and had wheels overhead. The plaintiff was a longshoreman engaged in the work of fastening boats to the dock, unloading them, and trimming grain, which constituted an occasional cargo. It may be assumed from the proof that he was lawfully on the dock at the time of the accident, awaiting specific employment, and that the defendant owed him the duty of exercising ordinary care to render the premises safe.

The negligence charged upon the defendant in the complaint is that:

"Owing to the unsafe, dangerous, and improper condition and insecure fastening of a large, heavy door or barrier maintained and controlled by defendant upon said wharf or dock, of which said unsafe, dangerous, and improper condition said defendant had notice, said door or barrier suddenly, and without warning to this plaintiff, fell from its fastening and toppled over onto plaintiff, crushing and carrying him to the ground."

In the course of the trial the plaintiff sought to prove a general dilapidated condition of the dock. This was objected to by the defendant as not within the allegations of the complaint. The court sustained the objection, saying to the plaintiff's counsel:

"I do not believe, under this complaint, that evidence as to want of repairs on the dock as a whole is admissible. If you claim that this defendant is negligent on account of the lack of repair of the dock as an entirety, I think you must amend your complaint. You bring the defendant into court here on a charge of negligence which you confine entirely to one particular

part of the defendant's premises. You point out a door which you say was suffered to become out of repair. I do not think that under that allegation you can prove generally want of care."

The defendant's counsel objected to the amendment saying, "I am not prepared to defend as to this whole dock here now to-day," to which the court replied, "I think you ought to be." The amendment being offered in precise form, the defendant's counsel again objected, stating "that I have made absolutely no preparation to defend any other part of this dock except this door, and I claim that it is a surprise to the defendant, and will except to your honor's granting the amendment." The amendment was thereupon allowed, the defendant excepted, and evidence was thereafter given on the plaintiff's part tending to show a generally dilapidated condition of the dock, from which the inference was sought to be deduced that the action of the wind and tide operated to throw down the door because of such generally unsafe and insecure condition of the premises.

The only proof of a defective condition in the door itself which was made at the trial related to the track or groove in which the overhead wheels were run, a part of which track was found broken after the accident. The court charged the jury that there could be no recovery because of that defect, inasmuch as there was no proof as to how long it had existed, but further charged, in substance, that there could be a recovery if the jury found the existence of a dilapidated condition in the dock generally, and that the door was blown down because of it, and owing to the fastenings being too insecure to resist such a condition.

There is no reason to doubt the sincerity of the defendant's claim of surprise. It appeared on the cross-examination of the plaintiff's main witness that the carpenter in charge of repairs made some months before the accident had gone to Europe, and it cannot be that a litigant should come into court prepared to meet a charge not presented by the pleadings, and which could not be lawfully established under the pleadings. It is true that no application was made by the defendant for a postponement of the trial, but it may well be doubted whether a formal application of the kind is essential to the preservation of a party's rights where he is informed by the court that he should have been prepared in advance to meet the proof permitted by the proffered amendment, which ruling, if correct, would seem to require the denial of an adjournment, had one been asked for. That the granting of the amendment to the complaint, with an immediate, enforced continuance of the trial, constitutes reversible error, was held by this court in the case of Edge v. Third Avenue R. Co., 57 App. Div. 29, 67 N. Y. Supp. 1002. In any event, the defendant having been subjected to a large judgment upon a claim of negligence presented at the trial for the first time, which it was not then prepared to meet, and of the existence of which it had no previous admonition, fairness demands that a new trial should be granted. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.