McDONALD v. HOLBROOK, CABOT & DALY CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department. May 5, 1905.)

1. NEGLIGENCE—PERSONAL INJURIES—OBSTRUCTIONS ON SIDEWALK—EXPERT TESTIMONY.

In an action for injuries sustained by falling over a passageway extended upon the sidewalk by defendant over a tunnel excavated under municipal authority, defendant was entitled on the issue of negligent construction to call expert and other witnesses to show that the passageway was erected with reasonable regard for the rights of the public.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 2262; vol. 36, Cent. Dig. Municipal Corporations, § 1728.]

2. SAME—CAUSE OF ACTION—NEGLIGENCE OR NUISANCE—NEW TRIAL—PROOF.

Where an action for personal injuries sustained by plaintiff through falling over a passageway extending upon the sidewalk, and constructed by defendant over a tunnel being excavated under municipal authority, was based on the causes of action alleged in the complaint—nuisance and negligence by defendant in the total omission of lights or warning signals —defendant was entitled to presume that a second trial of the action would be on the same theory, and that it was not required to be prepared with witnesses to meet any other question.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Continuance, §§ 99, 100, 109.]

3. SAME—ENFORCING CONTINUANCE OF TRIAL AFTER AMENDMENT—ERROR.

After permitting plaintiff to amend the complaint on the trial by alleging that the passageway was negligently constructed, without due regard for the safety of traffic, it was error to enforce a continuance of the trial over defendant's objection.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Continuance, §§ 99, 100, 109.]

4. SAME—CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE—INSTRUCTIONS.

In an action for injuries sustained by falling over an obstruction erected on the sidewalk by defendant while engaged in doing certain work under municipal authority, it was error to refuse to charge that, if plaintiff knew of the existence of the obstruction, she was bound to exercise unusual care in approaching it.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1677.]

Appeal from Trial Term, Kings County.

Action by Ida L. McDonald against the Holbrook, Cabot & Daly Contracting Company. From a judgment for plaintiff and from an order denying its motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Benjamin Patterson, for appellant.

George Gordon Battle, for respondent.

RICH, J.   Upon the trial the plaintiff recovered a verdict of. $4,000 for personal injuries alleged to have been sustained in consequence of her falling over an extension of a passageway constructed by the defendant for the use of foot passengers across and over a tunnel being excavated in Fourth avenue, borough of Manhattan, under the direction and authority of the Rapid Transit Railroad Commissioners of the city of New York, and upon which it is claimed by the plaintiff that she tripped while walking upon the sidewalk in Twentieth street. This appeal. is from the judgment entered upon the verdict of the jury and from the order denying defendant's motion for a new trial.

The only allegations in the complaint of wrongful acts of negligence, upon which the liability of the defendant was predicated when the cause was moved for trial, are contained in its third subdivision, in the following language: "Third. That at the said northeast corner of Fourth avenue and Twentieth street defendant wrongfully and unlawfully extended such passageway over and upon the sidewalk, thereby obstructing the same and creating a nuisance; that defendant, its servants and agents, were negligent, in that they totally failed to warn passersby of such obstruction, and more especially in that at night they placed no lights or other warning signals at said place; that defendant thereby violated the ordinances in such case made and provided and then in force in the borough of Manhattan, in the city of New York, and more especially chapter 5, art. 12, § 220, of said ordinances;" and this section is set out in full. The case had been once tried upon this pleading, with a result not shown by the record. After the action had been moved for trial, and a jury impaneled and sworn, counsel for the defendant moved to compel the plaintiff to elect under which cause of action she would proceed—nuisance or negligence. This motion was denied, and plaintiff's attorney opened the case to the jury, after which, as shown by the record, the following took place:

"The Court: I take it that the question of liability depends on, first, whether this. was in itself a negligent construction. Mr. Patterson: There is no allegation of negligence or defective construction in the complaint. The Court: Whether it was negligent construction—that is, whether they did not make it as safe as they reasonably should. Mr. Patterson: The only allegation they have in the complaint is that we were negligent because we did not have suitable and sufficient lights according to an ordinance. There is no allegation in this complaint of defective construction, and we did not come here prepared to defend any such claim, because there is no such allegation

or intimation that in the construction of this bridge there was any negligence. * * * The Court: I am going to try this case as an action for negligence. * * * Mr. Powell: As I understand it, your honor will allow us then to amend. The Court: I will allow you to amend by alleging that this was negligently constructed, without due regard or without reasonable regard for the safety of traffic along Twentieth street. Mr. Patterson: I desire to state that I am surprised by this amendment, and except to it. I am not here prepared to try it on any such theory. I cannot go to trial on any such theory. The Court: You have tried it once, and you know all about it. Mr. Patterson: Then I ask to withdraw a juror, as we cannot go on. The Court: No. Mr. Patterson: I take an exception."

The plaintiff rested without having given any evidence of the negligent construction of the bridge, and counsel for the defendant, after moving for a nonsuit, again asked the court to direct the plaintiff to elect on what theory she was going to try the case—whether on a nuisance or negligence—to which the court replied:

"Without that election, I hold that there is nothing here except a question of negligence. Mr. Powell: As I understand it, your honor has allowed us already to amend our complaint in that regard. The Court: Yes. Mr. Patterson: Then do you elect not to stand on the nuisance? Mr. Powell: I follow the election of the court. The Court: I hold they have made out no case for a nuisance. There is not any case proved on a nuisance. * * * The Court: I rule that they have not made out any cause of action for a nuisance. Mr. Patterson: Then will you admit that we were authorized to erect this bridge. The Court: Well, I hold you were, on their admissions. Of course, Mr. Powell, if they should get a verdict, you could appeal, and say that I was wrong in holding that you hadn't made out a cause of action for a nuisance. You might reverse any judgment in their favor. So perhaps it is necessary that you now abandon any claim that they are liable on the ground of nuisance for the purposes of this trial. Mr. Powell: Your honor, having stated the rule that we have not proved the cause of action upon the ground of a nuisance, I now state for the purposes of this trial that the plaintiff acquiesces in that ruling and accepts it."

The questions submitted to the jury by the learned trial court were whether the bridge was negligently constructed, and whether sufficiently lighted, using as to the first proposition, in part, the following language:

"As to the structure itself, what violation of this obligation does the plaintiff allege? Counsel for the plaintiff points out that it was not necessary, and served no useful purpose, to have this bridge project so far over the curb. He suggests, even, that it was not necessary to have it project over the curb at all; that it might have been properly supported upon something laid in the gutter. He suggests that it was not necessary that it should project fourteen or fifteen inches upon the sidewalk, making an obstruction against which the plaintiff stumbled and received her injuries. He also suggests that, if it was to project over the sidewalk, in view of such dangers as any projection of it upon the sidewalk involved, reasonable prudence required that the elevated part of the structure of the bridge should have projected as far forward as the footway, in order that in passing along this sidewalk, as this plaintiff did, there should have been something nearer the line of the eye to call attention to the fact that under foot was a serious stumbling block. That covers the claim of the plaintiff so far as the negligent character of the structure is concerned. * * * You may inquire, when you go into your jury room, this defendant confessedly having built this bridge in the prosecution of its work, whether, in the exercise of reasonable care, the bridge should have projected over the sidewalk, so as to make it a stumbling block, or should have had the member, which the photograph exhibits to you, up breast high, extend out the same distance as the projection under foot on the sidewalk. * * * Did the defendant construct this bridge so that it was reasonably safe? In com-

mon phrase, was it safe enough, considering that this was a frequented street; that many people would pass over this place—would approach it, just as the plaintiff approached it—in the nighttime as well as in the daytime? In those two respects, was it reasonably safe, built in the way it was?"

The case was submitted to the jury upon the theory of the complaint as amended by the court—that "of the negligent construction." While it may be true, as contended, that under the amendment plaintiff made no other or different proof than she would have given under the original pleadings, I am unable to find any evidence in the case showing the negligent construction claimed by the learned counsel for the respondent, or basis for the suggestions to which the learned trial justice referred in his charge. It is true that the defendant had the right to call expert and other witnesses upon this question, and to establish (if it could be done) by the engineering requirements that it was erected with reasonable regard for the rights of the public, and complains now that it was forced to trial under the amended complaint without having the benefit of the evidence of witnesses it could have procured if allowed time. No reason is shown to exist which challenges the good faith of the defendant in claiming surprise. The case had once been tried, based upon the causes of action alleged in the complaint, nuisance, and negligence in the total omission by the defendant of lights or warning signals. From that fact the defendant had the right to presume that the second trial would be upon the same theory, and that it was not required to have present in court witnesses to meet any other questions. It had no notice that the manner or method of construction of the passageway was to be put in issue or called in question, or that it was the purpose of the plaintiff to abandon her allegation that the construction of the bridge or passageway was wrongful and unlawful, and on this trial concede that such construction was lawful and authorized, but that the defendant was negligent in the manner and method of construction, and did not use and exercise due and reasonable precaution and care for the safety of travelers upon the street—an entirely different legal proposition. It was error to enforce a continuance of the trial after granting the amendment for which a new trial ought to be granted. Edge v. Third Avenue R. R. Co., 57 App. Div. 29, 67 N. Y. Supp. 1002; Oats v. New York Dock Co., 99 App. Div. 487, 90 N. Y. Supp. 878. As was said in the case last cited:

"In any event, the defendant having been subjected to a large judgment upon a claim of negligence presented at the trial for the first time, which it was not then prepared to meet, and of the existence of which it had no previous admonition, fairness demands that a new trial should be granted."

The trial court, after having charged the jury as to plaintiff's knowledge of the conditions existing at the place of injury in the following language: "She knew that at Fourth avenue, and had known for a long time, this work was going on, and that there was a disturbance of the street. She does not pretend that she approached this place believing it to be undisturbed. She admits she knew work was going on in Fourth avenue, and knew in a general way that there was an unusual state of things at this place,

and that she walked along the sidewalk intending to cross this bridge. These red lights, which were hung out in various places on the work, advised her that there was work going on that involved an unusual condition at this corner of this square. The red lights served their purpose. She does not pretend, as I understand, that she did not know that there was an unusual state of things," etc.; was asked by counsel for the appellant to further charge the jury "that, if the plaintiff knew of the existence of this structure, it then imposed a greater obligation than the ordinary obligation to be careful in approaching it—an unusual obligation," to which the court replied: "She was bound to use ordinary care in approaching it, as I have already instructed the jury; and, of course, in considering whether she used ordinary care they must consider how much she knew as to the character of the structure." Thereupon counsel for defendant suggested that plaintiff was bound to exercise unusual care in approaching it, if she knew of its existence, to which the court responded, "No, she was bound to use ordinary care." The defendant was entitled to this charge. Walsh v. Central N. Y. Tel. & Tel. Co., 176 N. Y. 163, 68 N. E. 146. The refusal of the court to charge as requested was an error.

As the judgment and order must be reversed for the reasons already stated, it is unnecessary to consider the other questions presented by the appellant.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.