SOHMAN v. METROPOLITAN ST. RY. CO.

(City Court of New York, Trial Term.    May, 1907.)

PLEADING—AMENDING COMPLAINT—INCREASE OF DAMAGES—JUDICIAL DISCRE-
TION.

In an action for damages an amendment of the complaint by increasing the amount of damages claimed was granted at the close of the case after all the evidence was before the court. The argument was made in the absence of the jury, and in accordance with his instructions no mention was made of the granting of the motion by counsel in summing up to the jury. The amendment in no way changed the nature of the complaint. *Held*, that the discretion of the court was properly exercised.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 601.]

Action by Ignatz Sohman against the Metropolitan Street Railway Company. Verdict for plaintiff, and defendant moves to set the same aside. Motion denied.

Leopold Freiman-Counsie and Moses Feltenstein, for plaintiff.
J. J. Welsh (Henry A. Robinson, of counsel), for defendant.

WADHAMS, J. The amendment of the complaint by increasing the amount of damages claimed was granted at the close of the case after all the evidence was before the court. The argument was made in the absence of the jury, which had left the courtroom by direction of the presiding justice, and in accordance with his instructions no mention was made of the granting of such motion by counsel in summing up to the jury. Counsel for defendant pleaded surprise, and requested that a juror be withdrawn, and urged that the motion should be made at Special Term.

There could not be and there was no surprise on the part of the defendant under such circumstances, and it would only have delayed the trial unnecessarily to have withdrawn a juror and sent the parties to Special Term upon such application. All the cases cited by the defendant are clearly distinguishable. In these cases it was held that, where the defendant claimed surprise and asked for a postponement of the trial, it was error to permit an amendment setting up special damages, as in Edge v. Third Ave. R. R., 57 App. Div. 29, 67 N. Y. Supp. 1002, and Freeland v. Brooklyn Heights R. R., 54 App. Div. 90, 66 N. Y. Supp. 321, or by changing the character of the negligence charged, as in McDonald v. Holbrook, Cabot & Daly Co., 105 App. Div. 90, 93 N. Y. Supp. 920, and Oats v. N. Y. Dock Co., 99 App. Div. 487, 90 N. Y. Supp. 878, or by changing the allegation of performance of a contract to an excuse for nonperformance, as in La Chicotte v. Richmond R. & El. Co., 15 App. Div. 380, 44 N. Y. Supp. 875, and Poerschke v. Horowitz, 84 App. Div. 443, 82 N. Y. Supp. 742. In short, upon such objection the plaintiff was not permitted to amend to enable him to present other proof than that which the complaint had forewarned the defendant he would be called upon to meet. The amendment here permitted was after all the proof was already in, and in no way changed the nature of the complaint. Although there is a dictum in Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106, that a motion to amend by increasing

the amount of the sum demanded for damages should not be granted at Trial Term, it has not been followed in the later cases. On the other hand, it has been repeatedly recognized by the court as the established rule that the trial court is authorized to direct an amendment of the complaint by increasing the amount for which judgment is demanded, and whether such amendment should or should not be allowed is a matter in the discretion of the trial judge. Knapp v. Roche, 62 N. Y. 614; Clark v. Brooklyn Heights R. R., 78 App. Div. 478, 480, 78 N. Y. Supp. 811; Zimmer v. Third Ave. R. R., 36 App. Div. 265, 272, 55 N. Y. Supp. 308; Dakin v. Liverpool, L. & G. Ins. Co., 13 Hun, 122, affirmed 77 N. Y. 600; Dunham v. Hastings Paving Co., 95 App. Div. 360, 88 N. Y. Supp. 835, 837; Frankfurter v. Home Ins. Co., 10 Misc. Rep. 157, 31 N. Y. Supp. 3; Baylies' Code Pl. 625. These cases have not followed the obitur dictum in Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106, which must be considered overruled. It appearing in this case that the defendant could not have been prejudiced or surprised, the amendment having been allowed after the case had been tried upon the pleadings as they stood, and it further appearing from the evidence before the court that the amount of the demand should be increased to permit an adequate recovery should the jury resolve the facts in favor of the plaintiff, the discretion of the court in permitting the amendment is properly exercised. No cause was shown which would justify the delay of the trial necessarily incident to a formal motion at Special Term for that relief.

The defendant also moves to set aside the verdict on the ground that it is excessive. In my opinion the amount recovered is not so unreasonable or excessive as to indicate passion, prejudice, partiality, or corruption of the jury, or, as stated in Egan v. Dry Dock, etc., R. R., 12 App. Div. 556, 42 N. Y. Supp. 188, "it is not so plainly exorbitant that it should be set aside." There is evidence that the plaintiff suffered from an abrasion of the hand and from concussion of the brain, producing constant vomiting for three or four weeks, meningitis, temporary loss of eyesight of the left eye and impairment of the vision of both eyes, and that this impairment has lasted for over six years; that the plaintiff has suffered loss of weight, and, whereas he was a strong man before the accident, he has since been unable to work. The plaintiff was himself upon the stand, and the jury were enabled to judge for themselves by observation of him as to the extent of the injuries to his eyes. It also appears that some $300 were expended for medical attendance. No bill of particulars was demanded in this case, and I am of the opinion that the allegations of the complaint were sufficiently broad to entitle the plaintiff to prove the damages sustained.

Motion to set aside verdict denied.