### DANZIG v. BAROODY.

(Supreme Court, Appellate Division, First Department. November 18, 1910.)

1. PLEADING (§ 238*)—COMPLAINT—AMENDMENTS—SHOWING.

A plaintiff, who seeks to amend his complaint by the insertion of a different date therein, should be required to show when objection to the amendment is made why the correct date was not stated in the complaint, or how the error occurred, and when it was discovered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 620–625; Dec. Dig. § 238.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 239*)—AMENDMENTS—TERMS.

Where the complaint stated a cause of action for work and materials furnished in March, 1906, and plaintiff, after the case was opened, moved to amend by changing the allegation of March, 1906, to March, 1907, and defendant averred that in March, 1907, he bought goods in another county, and that the goods delivered did not comply with the samples and were returned, and that, if the action had been brought on the transaction in 1907, defendant would have moved to change the place of the trial, the court erred in allowing the amendment without adequate terms and affording defendant an opportunity to answer the amendment and to move for a change of venue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 626–635; Dec. Dig. § 239.*]

3. PLEADING (§ 123*)—PLEA—GENERAL ISSUE.

Where the complaint stated a cause of action for work performed and materials furnished in March, 1906, the fact that the defendant knew that the action was brought for goods delivered in March, 1907, did not require him to attempt to answer a cause of action brought therefor, and a general denial of the complaint was sufficient.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 255; Dec. Dig. § 123.*]

4. VENUE (§ 52*)—CHANGE OF PLACE OF TRIAL.

A right of defendant to have the place of trial changed for convenience of the witnesses with respect to a cause of action for goods sold and delivered in March, 1907, cannot be enforced against a complaint for work performed and materials delivered in March, 1906.

[Ed. Note.—For other cases, see Venue, Dec. Dig. § 52.*]

5. PLEADING (§ 253*)—COMPLAINT—AMENDMENTS.

Where the complaint stated a cause of action for work performed and materials furnished in March, 1906, and plaintiff sought to amend by changing the date to March, 1907, and defendant, by affidavit in opposition to the allowance of the amendment, showed a rejection of the goods sold in March, 1907, and that the rejection was for good cause and was made in good faith, defendant was entitled, on the court allowing the amendment, to litigate the issue raised by the affidavit.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 744–751; Dec. Dig. § 253.*]

6. PLEADING (§ 341*)—COMPLAINT—AMENDMENTS.

Where an error in a complaint as to a date therein is discovered in time to permit a motion for relief to be made at Special Term, the parties should ordinarily be left to the remedy by such motion.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 341.*]

7. APPEAL AND ERROR (§ 134*)—ORDERS APPEALABLE.

Where no formal order allowing an amendment to a pleading was entered, no appeal lies from the allowance of the amendment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 898; Dec. Dig. § 134.*]

Appeal from Trial Term, New York County.

Action by Morris Danzig, trading as Morris Danzig & Co., against Sliba T. Baroody. Judgment for plaintiff, entered on a directed verdict. From an order granting plaintiff leave to amend the complaint, defendant appeals. Judgment reversed, and new trial granted, and appeal from order dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Nathan D. Lapham, for appellant.
Charles Eno, for respondent.

LAUGHLIN, J. This action was commenced on the 14th day of September, 1907, and issue was joined by the service of an amended answer on the 22d day of October the same year. The cause of action stated in the complaint is to recover $156, the agreed price and reasonable value of "work, labor, and services" performed and "materials" furnished to the defendant at his special instance and request "in the month of March, 1906." The material allegations of the complaint are put in issue by the answer. Plaintiff resides in the county of New York and conducts the business of manufacturing and selling clothing for men.

The issues were brought to trial at Trial Term, Part 2, on the 10th day of December, 1909. After the case was opened, counsel for plaintiff moved to amend the complaint by changing the allegation of March, 1906, the date when the work, labor, and services were alleged to have been performed and the materials were alleged to have been delivered, to March, 1907. He had given notice to counsel for defendant on the evening before that he would make such motion on the trial. No affidavit was presented or statement made to show why the correct date was not stated in the original complaint, or how the error, if it be an error, occurred, or when it was discovered. This should be required, where objection to the amendment is made; for otherwise carelessness in pleading will be encouraged. Harrington v. Slade, 22 Barb. 161; Jacobs v. Mexican Sugar Refining Co., 115 App. Div. 499, 101 N. Y. Supp. 320.

Counsel for the plaintiff in making the motion said to the court, "I will show by the testimony that there has been but one transaction between the plaintiff and the defendant, and nothing more," and stated that he had notified the attorney of record and counsel for defendant that he would "attempt" to amend the complaint "because of the typographical error," and that he had told counsel "at the beginning of the week," and had written him a letter confirming the conversation. Counsel for the defendant, who practiced in New York county, thereupon stated to the court that he had been retained by the attorney for the defendant, whose affidavit he had; that the parties had had other transactions, and he held receipted bills for transaction in 1906; that in 1907 the defendant did buy some goods, consisting of men's clothing, of a traveling salesman who represented the plaintiff; that the coats were to be double-breasted; that the coats delivered on the order were single-breasted, and all of the goods were for that reason immediately returned by express; that the goods were sold by sample in Geneva, where the witnesses to the sale and to the description of the goods received were; and that, if the action had been brought on the transaction in 1907, the defendant would have pleaded these facts as a defense, and would have moved to change the place of trial, but that on the facts as pleaded a general denial was the only pleading required by the defendant.

The court thereupon granted plaintiff's motion to amend on payment of $10 costs. Counsel for the defendant stated that his client

was not prepared to meet the issue presented by the amendment, and that costs of the action to date should be allowed, and he refused to accept the costs awarded by the court, and duly excepted. The court thereupon directed that the bill, affidavits, and letters "filed on this application to amend" be marked for identification. The bill was for goods bought by the defendant from "Danzig & Bisenberg, Manufacturers of Clothing," under date of November 6, 1906. It does not purport to be receipted, or to relate to a transaction in 1906. The affidavits of the defendant and of his attorney fully sustained all of the statements made by his counsel, excepting that they did not show any transactions between the parties in the year 1906, or receipted bills therefor, and show that, if the plaintiff should be allowed to amend by pleading on the transaction in 1907, it would be necessary for the defendant to serve an amended answer setting up his defense that the goods were sold by sample, and were rejected and returned, on the ground that they did not correspond therewith. The point is also taken in the affidavit that, should the motion be granted, it be on terms, and on condition that the case go over the term, in order that the defendant might move to change the place of trial for the convenience of witnesses, which in that event he desired to do, and the names of the witnesses and the materiality of their testimony are set forth.

One of the letters presented in opposition to the motion was from the defendant to the plaintiff, and stated that the goods received in March, 1907, had been shipped back, on the ground that the coats were to be double-breasted and those received were single-breasted. The plaintiff was thereupon called and sworn, and he testified that in the month of November, 1906, at the defendant's store at Geneva, N. Y., he sold the defendant a bill of goods by sample, consisting of four dozen suits, embracing 24 suits of men's clothing, to be delivered in the month of March, 1907; that the coats were to be made "half single and half double." He gave no testimony with respect to the shipment of the goods, and evidently relied on the admissions contained in the affidavits with respect thereto. It was not shown that there were no transactions between the parties in the month of March, 1906. Counsel for the defendant does not appear to have taken part in the trial, but it is not claimed that the judgment was taken by default.

We are of opinion that the court erred in allowing the amendment of the complaint without adequate terms, and without affording the defendant an opportunity to answer it as amended, and to move for a change of the place of trial of the action. As the issues were framed, the plaintiff could not recover on the sale and delivery of the goods in March, 1907. It is quite evident that the defendant was aware that the action was brought to recover for the goods delivered in March, 1907, and that might be given due weight in prescribing the terms to be imposed on allowing the amendment; but he was not obliged to attempt to answer a cause of action different from the one set forth in the complaint, and a general denial of the material allegations was a sufficient defense to the issue as tendered. The allegations of the complaint are too general to identify the transaction, and plaintiff might have insisted on going to trial without amending the

complaint, and might have attempted to establish the cause of action as alleged, by showing the performance of any work or labor or the delivery of any material in March, 1906. The defendant could not affect the rights of the plaintiff by pleading that the cause of action intended to be set forth in the complaint was one concerning the sale and delivery of goods, not. in the month of March, 1906, but in the month of March, 1907, and thereupon proceed to set up his defense thereto. Nor could the defendant's right to have the place of trial changed for the convenience of witnesses with respect to a cause of action for goods sold and delivered in March, 1907, be enforced against a complaint for work, labor, and services performed and materials delivered in March, 1906.

It appears that the question of inadequacy of terms on allowing the amendment was emphasized more on the trial and on the appeal than the inability of the defendant to protect his rights in view of the amendment; but, as has been seen, the defendant promptly rejected the goods, for which a recovery has been had, on the ground that they did not comply with the contract. It is, in view of the affidavits, a reasonable inference that the claim of the defendant that he had just cause for rejecting the goods is made in good faith. He should, therefore, have an opportunity to litigate that question. If it had been shown that the cause of action intended to be set up in the complaint related to the sale and delivery of goods in March 1907, the trial court had authority to allow the amendment; but, where such an error is discovered in time to permit a motion for the relief to be made at Special Term, that is the better practice, and parties should ordinarily be left to that remedy. Rhodes v. Lewin, 33 App. Div. 369, 54 N. Y. Supp. 106; Cauchois v. Proctor, 1 App. Div. 16, 36 N. Y. Supp. 957; Kennedy v. South Shore Natural Gas & Fuel Co., 126 App. Div. 236, 110 N. Y. Supp. 503. No formal order was entered on granting the motion to amend.

The appeal from the order should therefore be dismissed, and the judgment reversed, and a new trial granted, with costs to appellant to abide the event, but without prejudice to plaintiff's right to move to amend the complaint. All concur.