which, in an essential particular, failed in the performance of the duty the master owed to the plaintiff, and for which the master was responsible.

The question as to the contributory negligence of the plaintiff, or, in other words, whether it was a negligent act of the plaintiff to use this jack for this purpose, under all the circumstances, was, I think, clearly a question for the jury. The plaintiff was not a constructor of scaffolds, assumed to be familiar, or to have the same familiarity as the master, with the requirements of the materials necessary to construct a proper platform or scaffold. He was employed and required to work in this well hole, which certainly was a place of danger unless the scaffold used or provided for use was strong and safe. It is perfectly apparent that he had no discretion as to the choice of materials from which to construct the scaffold. The only material that could be used for that purpose, or that was furnished by the master, was the jack which the master, through his representative, had furnished and directed the servant to use; and it certainly was at least a question for the jury to say whether or not the defects in this jack were so apparent to the plaintiff as to make it improper for him to use it, or whether it was such an improper scaffold, when constructed, that it was contributory negligence for plaintiff to use it.

It seems to me, therefore, that, both as to the question of the negligence of the defendant and the contributory negligence of the plaintiff, the question was one for the jury; and the judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN and PARKER, JJ., concur.   RUMSEY and WILLIAMS, JJ., dissent.

(17 App. Div. 438.)

SMITH v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   May 7, 1897.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—NOTICE OF DEFECT.
   It is a question for the jury whether a city is chargeable with notice of a depression in a driveway of a street, where the depression had existed for about a month, was three feet long, one foot or more wide, and one foot deep.

2. SAME—DANGEROUS CHARACTER OF DEFECT.
   It is a question for the jury whether a depression in a driveway of a street a foot deep, three feet long, and a foot wide was dangerous.

Appeal from trial term, New York county.

Action by Henry Smith against the mayor, aldermen, and commonalty of the city of New York, for injuries to plaintiff's cab alleged to have been caused by the defective condition of a street. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before RUMSEY, WILLIAMS, O'BRIEN, INGRAHAM, and PARKER, JJ.

Willard U. Taylor, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J.   The plaintiff, the owner of a cab, was driving through one of the streets of the city of New York, between 9 and 10 o'clock at night, when, in consequence of a depression in the street, caused by a sinking of the pavement, his cab was injured, and this action is brought to recover the amount expended in repairing the cab.   The question is as to whether or not the city was negligent in allowing the street to become unsafe.   In determining cases of this character, the ground of the liability of a municipal corporation should always be kept clearly in mind.   Such a corporation is created for public purposes, to perform certain public duties, and among them is the duty of keeping in proper repair the streets and highways within the corporate limits.   It is vested with power for such purpose, and with the power to procure the money necessary to accomplish that purpose.   It stands in no other relation to a party using the streets, except as charged with this duty.   The only obligation on the part of such municipal corporation to one using the street is that the street will not become dangerous or unfitted for use by reason of the neglect of the municipal corporation to perform this duty, not to make a street absolutely perfect, but to make it reasonably safe for the use to which it is put.   The law imposes upon municipal corporations the duty of guarding against such dangers as can or ought to be anticipated or foreseen in the exercise of reasonable prudence and care; and the only question here is whether there was evidence that would sustain a finding of the jury that the city had neglected its duty in regard to this street, and whether the injury complained of was the result of such neglect.   The accident happened in Thirty-Eighth street, between Second and Third avenues.   The plaintiff, with two passengers in his cab, was driving down this street at about half past 10 o'clock at night.   It was quite dark, and there was no gas light in the immediate neighborhood.   While driving on this street, so far as appears, exercising ordinary care, his cab was injured, breaking the spring, and otherwise damaging it. The hole was from 3 to 5 feet wide, from 1 to 2½ feet long, and a foot deep.   It appears to have been caused by the settling of the paving stones at this place, as the stones had not been removed.   The hole was immediately in front of a fire hydrant, and the settling of the ground over the pipe connecting the hydrant with the water main may have been the cause of the settlement of the pavement.   Whatever the cause, however, here there existed in this street a depression of the pavement a foot or over in depth, and extending some distance across the highway.   Upon the wheel of the cab striking this depression, the cab was injured.   There was evidence that a wagon driven by a witness who testified on the trial had been caught in this hole about a week before the time of this accident, and that the hole had been in existence for a month before the accident.   It is quite clear that this evidence required the court to submit to the jury the question as to whether or not the defendant had notice of the existence of this condition of the pavement, or whether the defendant was negligent in not having ascertained the condition of the streets before.   The duty of inspecting the streets is as much a part of the duty of a municipal corporation as is that of repairing a street, when

such an inspection has revealed a condition requiring repair; and if it appears either that the corporation knew of the defect, and neglected to repair it, or neglected to inspect, and thus failed to know its condition, and to make the repair, there is negligence that will sustain a recovery. The existence of such a condition of a street for a month is certainly a sufficient time to justify a finding that the defendant was negligent in not ascertaining the condition of the street, and making the necessary repairs to put it in order.

The remaining question is as to whether or not this settlement of the pavement of the street created a condition from which a prudent person would anticipate or foresee an injury to a person using the street with care. I think this was a question for the jury. As before stated, we must be careful not to ask too much of a municipal corporation. Its duty is confined to keeping a street or roadway in a reasonably safe condition, considering the use to which it is to be put. Here, however, was a street in a crowded part of the city, entirely surrounded by buildings, and upon which at all times of the day or night there was more or less traffic. The street being paved, those using it were justified in assuming that the pavement was kept in such repair that a vehicle driving along with ordinary care, and at an ordinary rate of speed, would not meet with an obstacle that would injure it. The existence in the middle of such a street of a depression in the pavement 3 to 5 feet long, a foot to 2½ feet in width, and a foot deep, would necessarily tend to injure a vehicle driving along the street, where the wheels would strike upon the sides of the depression. Such a hole of itself would be liable to injure a vehicle driven into it, and it seems to me that it would be obvious, considering the character of the pavement and the nature of the depression, that an injury would happen to any one driving over it in the dark at even a moderate rate of speed. I think, therefore, that, upon the testimony in the case, there was evidence requiring that the question of the defendant's negligence would have been submitted to the jury.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.