### BREWER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    June 28, 1898.)

DEFECTIVE SIDEWALK—LIABILITY OF CITY.

If a city is put on notice of a defect in a sidewalk in a region where property is improved by dwelling houses all about it, and it further appears that during a considerable period numerous persons have been injured thereby, its failure to repair the same constitutes negligence.

Appeal from trial term, New York county.

Action by George Brewer against the city of New York.    From a judgment on a verdict for $1,500 in favor of plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

Henry M. Goldfogle, for respondent.

O'BRIEN, J.    The action was brought to recover damages for injuries occasioned to the plaintiff on January 13, 1896, in consequence of the alleged neglect of the defendant to keep the street at the southeast corner of 103d street and Park avenue in repair, and because of the defendant's maintenance of the sidewalk in an unsafe and dangerous condition.    On the night in question, while the plaintiff was passing from the west to the east side of Park avenue, through the tunnel there existing, and while stepping from the crosswalk to the sidewalk, he tripped and fell over a broken flagstone, part of which was raised about two inches over the grade of the walk from the grade of the curbstone.    The stone constituting part of the sidewalk

was split all around, and a piece nearest the gutter had been in some
way removed, so as to leave a space, according to the surface dimen-
sions of the hole, six by four, and about two inches deep, into which
space the plaintiff, while stepping from the crosswalk onto the side-
walk, placed his foot, and tripped, striking on his head, and causing
the injuries for which a recovery was sought. It was conceded
that this defective condition had existed for such a length of time
as to justify the inference that the city had notice, and for such a
length of time as to call for repair to the sidewalk before the accident
took place. It was further established that this defect in the high-
way had existed as far back as November, 1894, and that prior to
the time when the plaintiff met with the accident other people had
fallen into the hole, or tripped over the defective walk. It further
appeared that on the night this accident occurred the lamps on the
southeast corner of the avenue and under the tunnel which ran
along Park avenue were not lit, and that the place where the plaintiff
fell was so dark that, after falling, it was with difficulty he was able
to find his hat. Upon this evidence the single question presented
was as to the liability of the city.

It is contended that under the rule laid down by the court of
appeals in Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, there
was no liability on the part of the city for the existence of the
defect in question. In that case the syllabus, correctly summarizing
the opinion of the court, states:

"A municipal corporation must guard against such dangers in its streets as
can or ought to be anticipated or foreseen in the exercise of reasonable pru-
dence and care, but it is not chargeable with negligence in omitting to repair
a defect in a street, so slight that no careful or prudent man would reason-
ably anticipate any danger from its existence. A municipal corporation is
not chargeable with negligence when an accident which, according to common
experience, was not likely to happen, happens to a traveler by reason of
some slight defect in a street, from which danger was not reasonably to be
anticipated,—such, e. g., as a depression in the middle of a flagged sidewalk, the
depth of the thickness of the surrounding flagging, caused by the removal of
a small broken piece of stone, and which had existed for several years with-
out any accident resulting therefrom."

The distinction between that case and the one at bar is marked.
It there appeared that no accident had theretofore happened from
the use of the street in the condition in which it was when the
plaintiff was injured, while in the case at bar we find not only that
the street was allowed to remain out of repair in a part of the city
where property is improved by dwelling houses all about it, but that
the sidewalk was allowed to remain in such defective condition
after people had been injured while passing over it; one of the wit-
nesses testifying that on one occasion she had seen a young lady
fall there, "going right in the hole and down." We think, there-
fore, that the trial judge was correct in holding that the rule laid
down in the Beltz Case did not apply. The rule which, upon the
facts, should apply, is to be found in the case of Smith v. City of New
York, 17 App. Div. 438, 45 N. Y. Supp. 239, wherein this court held,
in an opinion by Mr. Justice Ingraham:

"The law imposes upon municipal corporations the duty of guarding against
such dangers as can or ought to be anticipated or foreseen in the exercise of

reasonable prudence and care; and the only question here is whether there was evidence that would sustain a finding of the jury that the city had neglected its duty in regard to this street, and whether the injury complained of was the result of such neglect."

In that case, as here, it was shown that the defective condition of the highway had existed for a long time, and that another accident had occurred there a short time previously. As therein further said:

"The duty of inspecting the streets is as much a part of the duty of a municipal corporation as is that of repairing a street when such an inspection has revealed a condition requiring repair; and if it appears either that the corporation knew of the defect, and neglected to repair it, or neglected to inspect, and thus failed to know its condition, and to make the repair, there is negligence that will sustain a recovery."

There is no foundation for the suggestion of contributory negligence on the part of the plaintiff. The only remaining question relates to a ruling upon evidence, permitting the plaintiff to show the condition of the sidewalk after the accident, by the testimony of a witness who saw it two years after. Evidence of this character has been so frequently condemned that it is unnecessary to do more than say that it was incompetent. In this case, however, it was perfectly harmless, for the reason that there was no dispute that the condition of the sidewalk was the same then as at the time of the accident, or as to the extent or character of the defect; and, taken in connection with the concession made on the trial by the city that it had notice for a sufficient length of time to call for the repair of the sidewalk before the accident took place, the testimony complained of could not in any way have affected the result. The verdict, moreover, cannot be regarded as excessive.

We think, therefore, that, notwithstanding the error made in the ruling upon evidence, the judgment appealed from should be affirmed, with costs. All concur.