DENNIS WALSH, Respondent, v. CENTRAL NEW YORK TELE-
PHONE AND TELEGRAPH COMPANY, Appellant.

1. NEGLIGENCE — WHEN CONTRIBUTORY NEGLIGENCE A QUESTION OF
FACT.  A bicyclist riding after dark between two rails of a railroad track
upon a public street in which a trench was being excavated about three
feet from the track, along which a manhole was constructed extending to
within a foot of the track, which street was closed upon that side by bar-
ricades upon which at intervals red lights had been placed, who, in order
to avoid another bicycle and a car upon the other track coming from the
opposite direction, turns out and, attempting to proceed upon the strip
between the track and the trench, falls into the manhole and is injured,
is not as matter of law guilty of contributory negligence.

2. DEGREE OF CARE.  Ordinary care or precaution to avoid danger
must be commensurate with the danger and will dictate and require a
degree of vigilance under one set of circumstances that would be unneces-
sary under another.  A refusal to charge, therefore, upon the trial of an
action to recover damages for the injury, that the red lights and the dirt
thrown up in the excavation of the trench indicated that there was dan-
ger, and that the plaintiff was bound to exercise unusual care in passing
that locality, and that by unusual care was meant greater care than would
be required in passing over a street without obstacles and in which
excavations did not appear, constitutes reversible error.

*Walsh* v. *Central N. Y. Tel. & Tel. Co.*, 75 App. Div. 1, reversed.

(Argued June 25, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
July 23, 1902, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Edwin Nottingham* for appellant.  The evidence fails to
show any negligence on the part of defendant, and its motion
for a nonsuit on that ground should have been granted.
(*Nolan* v. *King*, 97 N. Y. 565; *Thieme* v. *Gillen*, 41 Hun,
443; *Parker* v. *City of Cohoes*, 10 Hun, 531; 74 N. Y. 610;
*Lane* v. *Wheeler*, 35 Hun, 606.)  There is no evidence that
plaintiff exercised any care in passing along the street, and

the evidence shows that he was guilty of negligence which contributed to his injury, and he should have been nonsuited on these grounds. (*Weston* v. *City of Troy*, 139 N. Y. 281; *Morgan* v. *Vil. of Penn Yan*, 42 App. Div. 582; *Bowen* v. *City of Rome*, 23 Wkly. Dig. 406; *Davenport* v. *B. C. R. R. Co.*, 100 N. Y. 632; *Cummins* v. *City of Syracuse*, 100 N. Y. 637; *Splittorf* v. *State*, 108 N. Y. 205; *Whalen* v. *C. G. L. Co.*, 151 N. Y. 70; *Williams* v. *Vil. of Port Leyden*, 62 App. Div. 490; *Belton* v. *Baxter*, 54 N. Y. 245; *Albring* v. *N. Y. C. & H. R. R. R. Co.*, 46 App. Div. 460; *Dubois* v. *City of Kingston*, 102 N. Y. 219.) The trial court erred in its charge to the jury and in its refusals to charge as requested by defendant, and for these errors the judgment should be reversed. (*City of Richmond* v. *Leaker*, 99 Va. 1.)

*James Devine* for respondent. Defendant was guilty of negligence. (*Thurber* v. *H. B., M. & F. R. R. Co.*, 60 N. Y. 331; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 141; *Chisholm* v. *State*, 141 N. Y. 246; *Isham* v. *Post*, 141 N. Y. 100, 107; *Lane* v. *City of Syracuse*, 12 App. Div. 118; *Donnelly* v. *City of Rochester*, 166 N. Y. 315; *Deming* v. *T. R. Co.*, 169 N. Y. 1; *Snowden* v. *Town of Somerset*, 171 N. Y. 99.) The plaintiff was not guilty of contributory negligence. Whether or not he was guilty was a question of fact for the jury. (*Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Kettle* v. *Turl*, 102 N. Y. 255; *Weber* v. *Railroad Co.*, 58 N. Y. 453; *Eastland* v. *Clark*, 165 N. Y. 420; *Snowden* v. *Town of Somerset*, 171 N. Y. 99.) The trial court did not err in its charge to the jury and in its refusal to charge, as requested by the defendant. (*Morehouse* v. *Yaeger*, 71 N. Y. 594; *Fay* v. *O'Neil*, 36 N. Y. 11; *Ruloff* v. *People*, 45 N. Y. 213; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 379; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 76; *Griffen* v. *Manice*, 166 N. Y. 191.)

Cullen, J. The action was brought to recover for damages for personal injuries. At the time of the accident the

defendant was engaged in laying a subway or conduit in South Salina street, in the city of Syracuse. The street runs north and south, and in the middle of it is laid a double-track street railroad. For the purpose of laying the conduit the defendant had excavated at a distance of about three feet west of the westerly rail a trench two feet in width and varying in depth from two and a half to three and a half feet. At points along the line of the subway manholes were to be constructed. The one in question, into the excavation for which the plaintiff fell, was about six feet wide, east and west, and nine feet long, north and south. The easterly side or line of the manhole was a little more than a foot from the westerly track. The earth taken from the trench was cast on its westerly side so as not to obstruct the movement of the street cars, the running boards of which projected from a foot and a half to over two feet beyond the rails at a height of fourteen inches above the pavement. The part of the carriageway lying to the west of the railroad tracks was closed by barricades. The carriage-way to the east of the tracks, in width eighteen feet, was wholly unobstructed. On the night on which the accident occurred red lights were placed at the barricades and also along the ridge of earth thrown out from the trench. About half-past eight the plaintiff and his brother were proceeding on bicycles southerly along the street, the plaintiff riding between the two rails of the westerly track, his brother in the space between the two tracks. They encountered another bicycle and a car proceeding north on the easterly track Thereupon the plaintiff turned out of the south-bound track to the three-foot strip between the trench and that track in order, as he testified, to permit the brother to take his place in that track and avoid the approaching vehicles. They continued on their way at a speed of about four miles an hour until they reached the manhole into which the plaintiff fell and was injured. The plaintiff testified that he had noticed the excavation of the trench, but that he had observed there was a strip of three feet between the trench and the track which, in his judgment, was sufficient for him to safely pro-

ceed on his bicycle ; that he did not see the manhole or that at that point the excavation approached closely to the track and that there was no light or barrier at that point to give him warning. At the trial the defendant contended that it could not place any barrier or lights on the easterly side of the trench on account of the projection and overhanging of the running boards of the cars and also that the plaintiff was guilty of contributory negligence in running his bicycle so close to the trench. The motion for a nonsuit was denied and the case submitted to the jury, which rendered a verdict for the plaintiff. The Appellate Division by a divided court affirmed the judgment entered on that verdict.

Personally I should incline to the view that the plaintiff in riding at night so close to the excavation or trench without being driven to assume that position by any special stress of circumstances was guilty of contributory negligence as a matter of law. Doubtless in the absence of any information or notice to the contrary the traveler has a right to assume that all parts of the highway are reasonably safe and secure, but every traveler equally well knows that for very many purposes it is necessary from time to time to tear up and obstruct streets, by which the streets or portions of them are rendered unfit for travel. In such cases it is necessary that barriers, lights and other appropriate warnings should be given by which the traveler is made aware of the condition of the street. The plaintiff saw the barriers and lights, saw that the westerly portion of the carriageway was closed to travel, and that a trench was being excavated through the street at a distance of three feet from the rail. I do not think he had the right to assume that there would continue to be a space of three feet between the trench and the rail. Every one knows that the side of a trench is not maintained with the regularity that is to be expected in a face of masonry. The earth is apt to cave in to a certain extent, and, therefore, the width of the trench cannot be expected to be uniform, but necessarily varies. It is also well known that riding or walking close to the edge of a trench tends to make

it cave in.  It was dark and the plaintiff could not see the condition of the street any great distance before him.  Knowing, therefore, that the street was torn up and appreciating his inability to see its state at any great distance it seems to me that ordinary care would have kept him off that side of the carriageway unless he was forced on to it by the movement of other vehicles, which was not the case.  There was no reason why he and his brother should necessarily have ridden abreast.  One could have preceded the other in the space between the rails with entire safety.  But a majority of my associates think the question of the plaintiff's negligence was one of fact for the jury, and I bow to their judgment.  We all agree, however, that there was error in refusing to charge the defendant's request as to the degree of care which the plaintiff was bound to exercise under the circumstances. The defendant asked the court to charge that the red lights and the dirt thrown up in the excavation of a trench indicated that there was danger; that the plaintiff was bound to exercise unusual care in passing that locality, and that by unusual care was meant greater care than would be required in passing over a street without obstacles and in which excavations did not appear.  This the court refused to charge, but left it for the jury to say whether the plaintiff should have exercised a greater degree of care.  It is true that the obligation resting on the plaintiff was the exercise of ordinary care, but at the same time the general rule is that care, or, more accurately, precaution, must be commensurate with the danger, and ordinary care will dictate and require a degree of vigilance under one set of circumstances that would be unnecessary under another.  (Thompson on Negligence, sec. 171 ; *Griffen* v. *Manice,* 166 N. Y. 188.)  It is on this principle that the rule of law has become settled in this state that because a railroad crossing is a place of danger travelers seeking to cross must make vigilant use of their senses to avoid danger.  Assuming that I am wrong in the view that the danger here was so manifest that it was negligence for the plaintiff to proceed on the side of the carriageway upon which

was the excavation, it was at least sufficiently obvious to require of him to exercise special care. We think that the defendant was entitled to have that proposition specifically charged.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur; MARTIN, J., absent.

Judgment reversed, etc.