IDA L. McDONALD, Respondent, *v.* HOLBROOK, CABOT & DALY CONTRACTING COMPANY, Appellant.

*Amendment of a complaint on the trial, setting up negligence — objection that it is a surprise to the defendant — when a juror should be withdrawn — unusual care required in using a passageway over an excavation in a street.*

Where, in an action brought to recover damages for personal injuries sustained by the plaintiff, in consequence of the fact that while walking along a sidewalk in the city of New York she tripped over an extension of a passageway which had been constructed by the defendant over a tunnel in process of excavation in the street, the only charge of negligence contained in the complaint is that the "defendant, its servants and agents were negligent in that they totally failed to warn passersby of such obstruction, and more especially in that at night they placed no lights or other warning signals at said place," it is improper for the court, upon the trial, to allow the plaintiff, over the defendant's objection and claim of surprise, to amend her complaint by alleging negligence in the method of the construction of the passageway, and to refuse, after granting such amendment, to allow the defendant to withdraw a juror, particularly where it appears that the case has previously been tried upon the issues arising on the original complaint.

In such a case the defendant is entitled to have the court charge that, if the plaintiff knew of the existence of the passageway, she was obliged to exercise unusual care in approaching it.

APPEAL by the defendant, the Holbrook, Cabot & Daly Contracting Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of May, 1904, upon the verdict of a jury for $4,000, and also from an order entered in said clerk's office on the 23d day of May, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Benjamin Patterson*, for the appellant.

*George Gordon Battle* [*Hugh R. Garden* with him on the brief], for the respondent.

RICH, J.:

Upon the trial the plaintiff recovered a verdict of $4,000 for personal injuries alleged to have been sustained in consequence of her falling over an extension of a passageway constructed by the defendant for the use of foot passengers, across and over a tunnel

being excavated in Fourth avenue, borough of Manhattan, under the direction and authority of the rapid transit railroad commissioners of the city of New York, and upon which it is claimed by the plaintiff that she tripped while walking upon the sidewalk in Twentieth street. This appeal is from the judgment entered upon the verdict of the jury and from the order denying defendant's motion for a new trial.

The only allegations in the complaint of wrongful acts of negligence, upon which the liability of the defendant was predicated when the cause was moved for trial, are contained in its 3d subdivision in the following language:

"*Third.* That at the said northeast corner of Fourth avenue and Twentieth street, defendant wrongfully and unlawfully extended such passageway over and upon the sidewalk thereby obstructing the same and creating a nuisance. That defendant, its servants and agents were negligent in that they totally failed to warn passersby of such obstruction, and more especially in that at night they placed no lights or other warning signals at said place. That defendant thereby violated the ordinances in such case made and provided and then in force in the Borough of Manhattan, in the City of New York, and more especially Chapter 5, Article 12, Section 220 of said ordinances," and this section is set out in full. The case had been once tried upon this pleading, with a result not shown by the record.

After the action had been moved for trial and a jury impaneled and sworn, counsel for the defendant moved to compel the plaintiff to elect under which cause of action she would proceed — nuisance or negligence. This motion was denied, and plaintiff's attorney opened the case to the jury, after which, as shown by the record, the following took place: " The Court: I take it that the question of liability depends on, first, whether this was in itself a negligent construction. Mr. Patterson : There is no allegation of negligence or defective construction in the complaint. The Court: Whether it was negligent construction, that is, whether they did not make it as safe as they reasonably should. Mr. Patterson : The only allegation they have in the complaint is that we were negligent because we did not have suitable and sufficient lights according to an ordinance. There is no allegation in this complaint of defective con-

SECOND DEPARTMENT, MAY, 1905. [Vol. 105.

struction, and we did not come here prepared to defend any such claim, because there is no such allegation or intimation that in the construction of this bridge there was any negligence. * * * The Court: I am going to try this case as an action for negligence. * * * Mr. Powell: As I understand it, your Honor will allow us then to amend. The Court: I will allow you to amend by alleging that this was negligently constructed, without due regard or without reasonable regard for the safety of traffic along Twentieth street. Mr. Patterson: I desire to state that I am surprised by this amendment and except to it. I am not here prepared to try it on any such theory. I cannot go to trial on any such theory. The Court: You have tried it once and you know all about it. Mr. Patterson: Then I ask to withdraw a juror as we cannot go on. The Court: No. Mr. Patterson: I take an exception."

The plaintiff rested without having given any evidence of the negligent construction of the bridge, and counsel for the defendant, after moving for a nonsuit, again asked the court to direct the plaintiff to elect on what theory she was going to try the case, whether on a nuisance or negligence, to which the court replied: "Without that election, I hold that there is nothing here except a question of negligence. Mr. Powell: And as I understand it, your Honor has allowed us already to amend our complaint in that regard. The Court: Yes. Mr. Patterson: Then do you elect not to stand on the nuisance? Mr. Powell: I follow the election of the Court. The Court: I hold they have made out no case for a nuisance. There is not any case proved on a nuisance. * * * The Court: I rule that they have not made out any cause of action for a nuisance. Mr. Patterson: Then will you admit that we were authorized to erect this bridge? The Court: Well, I hold you were, on their admissions. Of course, Mr. Powell, if they should get a verdict, you could appeal and say that I was wrong in holding that you hadn't made out a cause of action for a nuisance, you might reverse any judgment in their favor, so perhaps it is necessary that you now abandon any claim that they are liable on the ground of nuisance for the purposes of this trial. Mr. Powell: Your Honor, having stated the rule that we have not proved the cause of action upon the ground of a nuisance, I now state for the purposes of this trial that the plaintiff acquiesces in that ruling and accepts it."

The questions submitted to the jury by the learned trial court were whether the bridge was negligently constructed and whether sufficiently lighted, using as to the first proposition, in part, the following language: "As to the structure itself, what violation of this obligation does the plaintiff allege? Counsel for the plaintiff points out that it was not necessary and served no useful purpose to have this bridge project so far over the curb. He suggests even that it was not necessary to have it project over the curb at all; that it might have been properly supported upon something laid in the gutter. He suggests that it was not necessary that it should project fourteen or fifteen inches upon the sidewalk, making an obstruction against which the plaintiff stumbled and received her injuries. He also suggests that, if it was to project over the sidewalk, in view of such dangers as any projection of it upon the sidewalk involved, reasonable prudence required that the elevated part of the structure of the bridge should have projected as far forward as the footway, in order that in passing along the sidewalk, as this plaintiff did, there should have been something nearer the line of the eye to call attention to the fact that under foot was a serious stumbling block. That covers the claim of the plaintiff so far as the negligent character of the structure is concerned. * * * You may inquire, when you go into your jury room, this defendant confessedly having built this bridge in the prosecution of its work, whether, in the exercise of reasonable care, the bridge should have projected over the sidewalk, so as to make it a stumbling block, or should have had the member, which the photograph exhibits to you, up breast high, extend out the same distance as the projection under foot on the sidewalk. * * * Did the defendant construct this bridge so that it was reasonably safe? In common phrase was it safe enough, considering that this was a frequented street; that many people would pass over this place, would approach it, just as the plaintiff approached it, in the night time as well as in the daytime? In those two respects was it reasonably safe, built in the way it was?"

The case was submitted to the jury upon the theory of the complaint as amended by the court, that of the "negligent construction." While it may be true, as contended, that under the amendment plaintiff made no other or different proof than she would have given under the original pleadings, I am unable to find any

evidence in the case showing the negligent construction claimed by the learned counsel for the respondent, or basis for the suggestions to which the learned trial justice referred in his charge. The defendant had the right to call expert and other witnesses upon this question, and to establish (if it could be done) by the engineering requirements that it was erected with reasonable regard for the rights of the public, and complains now that it was forced to trial under the amended complaint without having the benefit of the evidence of witnesses it could have procured if allowed time. No reason is shown to exist which challenges the good faith of the defendant in claiming surprise. The case had once been tried, based upon the causes of action alleged in the complaint, nuisance and negligence in the total omission by the defendant of lights or warning signals. From that fact the defendant had the right to presume that the second trial would be upon the same theory, and that it was not required to have present in court witnesses to meet any other questions. It had no notice that the manner or method of construction of the passageway was to be put in issue or called in question, or that it was the purpose of the plaintiff to abandon her allegation that the construction of the bridge or passageway was wrongful and unlawful, and on this trial concede that such construction was lawful and authorized, but that the defendant was negligent in the manner and method of construction, and did not use and exercise due and reasonable precaution and care for the safety of travelers upon the street — an entirely different legal proposition. It was error to enforce a continuance of the trial after granting the amendment, for which a new trial ought to be granted. (*Edge* v. *Third Avenue R. R. Co.*, 57 App. Div. 29; *Oats* v. *New York Dock Co.*, 99 id. 487.) As was said in the case last cited: " In any event, the defendant having been subjected to a large judgment upon a claim of negligence presented at the trial for the first time, which it was not then prepared to meet, and of the existence of which it had no previous admonition, fairness demands that a new trial should be granted."

The trial court, after having charged the jury as to plaintiff's knowledge of the conditions existing at the place of injury, in the following language: " She knew that at Fourth avenue, and had known for a long time, this work was going on, and that there

was a disturbance of the street. She does not pretend that she approached this place believing it to be undisturbed. She admits she knew work was going on in Fourth avenue, and knew in a general way that there was an unusual state of things at this place, and that she walked along the sidewalk intending to cross this bridge. These red lights, which were hung out in various places on the work, advised her that there was work going on that involved an unusual condition at this corner of this square. The red lights served their purpose. She does not pretend, as I understand, that she did not know that there was an unusual state of things," etc., was asked by counsel for the defendant to further charge the jury " that if the plaintiff knew of the existence of this structure, it then imposed a greater obligation than the ordinary obligation to be careful in approaching it — an unusual obligation," to which the court replied : " She was bound to use ordinary care in approaching it, as I have already instructed the jury ; and, of course, in considering whether she used ordinary care, they must consider how much she knew as to the character of the structure." Thereupon counsel for defendant suggested that plaintiff was bound to exercise unusual care in approaching it, if she knew of its existence, to which the court responded : " No, she was bound to use ordinary care." The defendant was entitled to this charge. ( *Walsh* v. *Central N. Y. Tel. & Tel. Co.*, 176 N. Y. 163.) The refusal of the court to charge as requested was an error.

As the judgment and order must be reversed for the reasons already stated, it is unnecessary to consider the other questions presented by the appellant.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

HIRSCHBERG, P. J., WOODWARD, JENKS and MILLER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.