(108 App. Div. 257.) •

DICKERMAN v. WEEKS et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—QUESTIONS FOR JURY.

In an action for injuries received from an alleged defective sidewalk, evidence that a stone in the sidewalk at one end was raised five or six inches, sufficiently to allow plaintiff's foot to get beneath it, that there were no lights or guards of any kind, that such conditions existed for at least a month prior to the accident, and that one prior accident had occurred, was sufficient to take the question of the city's negligence to the jury.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Cor-. porations, §§ 1747, 1748.]

2. SAME—NATURE OF DEFECT.

An elevation of five to six inches of one end of a flagstone in a sidewalk of a busy street in the center of a populous city cannot, as matter of law, be held to be such a slight or trivial defect as to relieve the city of responsibility for its continuance.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1624, 1631.]

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Where a pedestrian was injured by a· defective sidewalk at a point opposite a building which was being erected, and there were no lights, and the street was dark, the trial court properly denied a motion to dismiss on the ground that the plaintiff was guilty of contributory negligence; that being a question for the jury.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1754.]

Ingraham and Patterson, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Georgiana Dickerman against Francis M. Weeks and another for personal injuries received from falling on a defective sidewalk. From a judgment dismissing the complaint as against one of defendants, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE and INGRAHAM, JJ.

Melvin H. Dalberg, for appellant.
Theodore Connoly, for respondent.

CLARKE, J. This is an appeal by the plaintiff from a judgment dismissing the complaint, at the close of plaintiff's case, as against the city. No appeal has been taken from the judgment in favor of the defendant Weeks. The action is to recover damages for personal injuries sustained through the alleged negligence of the city in permitting the sidewalk on the southerly side of Thirty-First street, between Second and Third Avenues, to be in a defective condition. About 11 o'clock in the evening of February 11, 1902, the plaintiff, in company with her sister and niece, after attending the Third Avenue Theater, between Thirty and Thirty-First streets, walked east upon the southerly side of Thirty-First street for the purpose of taking a Second Avenue car. The sidewalk at the point where the accident occurred consisted of flagstones. A building was being erected opposite this point; but

there were no lights, and the street was dark. The plaintiff tripped and fell over a flagstone, the end of which was raised some five or six inches. She was very seriously and permanently injured. After the plaintiff fell a watchman came out with a lantern and assisted her onto a car. Evidence was offered to the effect that this stone had been in substantially the same condition that it was on the night of the accident for a month, and that a similar accident had happened over that same stone just about a month before. The person who had suffered that accident and her companion at the time identified the stone over which plaintiff fell, and a photograph was introduced in evidence, with proof that the stone was in the same position when photographed as it was at the time of the accident. Upon this proof the learned trial court dismissed the complaint.

The facts proven, a stone in the sidewalk with an end raised five or six inches, sufficiently to allow plaintiff's foot to go beneath it, no lights or guards of any kind, that condition existing for at least a month, and at least one prior accident, were enough to take the question of the city's negligence to the jury. The rule as to defects in the street seems to be established in the case of Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401, cited and followed in Hamilton v. City of Buffalo, 173 N. Y. 72, 65 N. E. 944:

"Where the defect is of such a character that reasonable and prudent men may reasonably differ as to whether an accident could or should have been reasonably anticipated from its existence or not, then the case is generally one for the jury."

We think that an elevation of five to six inches of the end of a flagstone on the sidewalk of a busy street in the center of a populous city cannot as matter of law be held to be such a slight or trivial defect as to relieve the city of responsibility for its continuance. The length of time it had continued, together with the proof of the prior accident, was enough to require that the jury should be allowed to determine whether the defect considering the locality was one from which danger of injury should reasonably have been anticipated, and whether the city had or ought to have had notice of its existence. Smith v. Mayor, 17 App. Div. 438, 45 N. Y. Supp. 239. In this case the defect had existed for a month.

In Pomfrey v. Village of Saratoga Springs, 104 N. Y. 464, 11 N. E. 43, the defect had existed for two weeks. The court said:

"The municipal authorities do not fill the measure of their responsibility, however, by acting simply when they have actual notice, but they owe to the public the duty of active vigilance; and whether street or sidewalk has been out of repair for any considerable length of time, so that by reasonable diligence they could have notice of the defect, such notice may be imputed to them."

In Brush v. City of New York, 59 App. Div. 12, 69 N. Y. Supp. 51, the defect had existed for a month. Held a question for the jury.

Upon the question of contributory negligence we agree with the learned court, who denied the motion to dismiss upon that ground, that it was a question for the jury.

For the reasons stated, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.

O'BRIEN, P. J., and McLAUGHLIN, J., concur.

INGRAHAM, J. (dissenting). I think the judgment should be affirmed. The plaintiff testified that:

"They were building a church and a church house, and in front of the church house I fell. My right foot went under a stone, and I fell forward on my knees and abdomen. I could not rise."

She further testified that a watchman came along with a lantern to help her, and with the aid of the lantern she saw that she had fallen over a stone which was raised towards Third avenue, and the dirt was out from underneath it. It was raised five or six inches. She was corroborated by her sister and her niece, who were with her. Upon cross-examination she testified that it was very dark, but that she could see that there were building materials standing near the curb; that there was a fence built in front of the building which was being constructed; that there were some planks laid along on the sidewalk; that building operations were going on at that point; and that she had been through the street several times before the accident. Another witness testified that about the middle of January, in the same year, she was walking towards Second avenue on Thirty-First street, on the south side of the street; that she tripped on a stone and hurt her knee very badly; that the stone was raised about four or five inches, just enough for her foot to go under and trip. She was shown a photograph of the stones over which plaintiff fell, and she said it was a photograph of the stone over which she fell. There was no evidence that the city had notice of the condition of this sidewalk; and no evidence of the condition of the sidewalk prior to the accident, except the testimony of the witness who identified the stone in the photograph, taken two days after this accident, as the stone over which she fell. At the end of the plaintiff's case the court dismissed the complaint upon the ground that there was no evidence of negligence on the part of the defendant the city of New York, and the plaintiff appeals.

I think that this dismissal can be sustained upon both the grounds —that the evidence is not sufficient to sustain a finding of the defendant's negligence, and not sufficient to justify a finding that the plaintiff was free from contributory negligence. The sidewalk in question was in front of a lot upon which a church and church house was being built. There were building materials in the street and planks were piled on the sidewalk. During the construction of buildings fronting upon a street there is necessarily some disturbance of the sidewalk; and certainly the city is not responsible if persons engaged in such building operations permit the sidewalk to become temporarily out of repair, and it would, I think, be imposing too great a burden upon a municipal corporation to hold it responsible for inequalities in a sidewalk in front of which such building operations are being carried on. Assuming that the jury would.

have been justified in finding that some time in the middle of January there was an irregularity in the sidewalk in front of these premises, it cannot be said that there was an affirmative duty on the part of the municipal corporation to repair that sidewalk while the building operation continued. The question as to the liability of the persons conducting the building operations to properly light the street, or to protect passers-by from injury in consequence of a condition produced by them in the building operation, is not before us. The municipal corporation is sought to be held because of an irregularity in the sidewalk which had remained while the building was proceeding. To justify a recovery against the municipal corporation it was necessary to show that the street was in a dangerous condition, of which fact the municipal corporation had express notice, or that it had remained in a dangerous condition for such a length of time that it was negligence for the defendant not to have known it and repaired it; but I do not think that this obligation can be held to extend to a situation where a portion of the sidewalk is being used for the construction of a building abutting upon it.

I also think that the evidence fails to show that the plaintiff was free from contributory negligence. She knew that this building was being constructed; that there were building materials in the street and planks upon the sidewalk, and yet, on a dark night, without making an effort to ascertain the condition of the sidewalk, she walked over it and the accident resulted. There is no dispute but that she could have used the sidewalk upon the other side of the street, and avoided any danger of the sidewalk being out of repair from the building operations. As was said in Weston v. City of New York, 139 N. Y. 281, 34 N. E. 780:

"The presumption which a wayfarer may indulge that the streets of a city are safe, and which excuses him from maintaining a vigilant outlook for dangers and defects, has no application where the danger is known and obvious."

In Walsh v. Central N. Y. Tel. & Telegraph Co., 176 N. Y. 163, 68 N. E. 146, it was held that, where it appears that a street has been disturbed, a person using it is bound to exercise unusual care in passing the locality; and in McDonald v. Holbrook, Cabot & Daly Co., 105 App. Div. 90, 93 N. Y. Supp. 920, the same rule was applied. There is no evidence that the plaintiff exercised any care in using this sidewalk, let alone the unusual care that the situation demanded. She walked along this sidewalk upon a dark night, knowing that building operations were in progress and that there were building materials in the street and planks upon the sidewalk, without looking for any obstruction or taking any measures to ascertain the condition of the sidewalk. That, I think, was a failure to exercise the care that is required of one using the street.

On both grounds, therefore, I think the court was justified in dismissing the complaint.

PATTERSON, J., concurs.