### MORTAGNA v. AZTEC ASPHALT CO. et al.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. EVIDENCE ☞265—JUDICIAL ADMISSIONS—WHAT CONSTITUTES—"REPAVING."

In an action by a pedestrian, hurt when a stone covering a hole gave way towards the middle of the street, from which the curb has been removed, defendant admitted that any paving of the street was being done by it, after having previously stated that it was employing one curb setter, and it set a number of feet of curb. *Held*, that the defendant admitted it was repaving the street, which included removal of the curb.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. ☞265.

For other definitions, see Words and Phrases, First and Second Series, Repave.]

2. MUNICIPAL CORPORATIONS ☞805—STREETS—INJURIES.

Where a hole near the curbing was covered by a stone, a pedestrian was not guilty of contributory negligence in stepping upon the stone, which gave way.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1677, 1683; Dec. Dig. ☞805.]

3. DAMAGES ☞131—PERSONAL INJURIES.

Where plaintiff received only some slight bruises and cuts, and was laid up for only eight days, at $2 a day, and visited a doctor five or six times, an award of $250 damages was excessive by $100.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357–367, 370; Dec. Dig. ☞131.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Giovanni Mortagna against the Aztec Asphalt Company, impleaded with another. From a judgment for plaintiff, after trial without a jury, the named defendant appeals. Modified and affirmed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Leonidas Dennis, of New York City (William Shea, of counsel), for appellant.

Bertrand Ettinger, of Brooklyn, for respondent.

BIJUR, J. Plaintiff, walking at night through East Seventy-Fourth street, which was being repaired by appellant, stepped on a stone which covered a hole from which the gas company had removed a lamp post right near the curb. The stone, with the earth under it, gave way toward the middle of the street, and the plaintiff was thrown and hurt.

[1] Appellant contends, while apparently admitting that the accident occurred through the sidewalk having been made dangerous by the removal of the curb, that there was no proof that it removed the curb, and no proof that it had been removed at the time of the accident. As to the latter claim, there is no foundation at all for it. As to the former, plaintiff's counsel asked (at S. M. p. 6):

"Will you concede that the work on that block in connection with the curb was done by the Asphalt Company?"

Appellant's counsel said:

"I will concede that any paving of that street was done by the Asphalt Company."

This, taken in connection with the statement on the preceding page, by defendant's counsel, that his company "was employing one curb setter and had set 324 linear feet of curbing," and other items to the same effect, indicates to me that both sides understood that it was an admission of the appellant that appellant was repaving the street, which included the removal of the curb.

[2, 3] It is true that under ordinary circumstances, with the street torn up, the plaintiff might be said to have been guilty of contributory negligence (see Walsh v. Central Co., 176 N. Y. 163, 68 N. E. 146); but the placing of this stone at the point of danger was in itself something to throw the plaintiff off his guard. I do, however, think that as there was no medical testimony, and the plaintiff apparently received only some slight bruises and cuts, and was laid up for only eight days, at $2 a day, and visited the doctor five or six times, the award of $250, with $22 costs, was too large. I suggest that the judgment be reduced to $150, with appropriate costs, and, as so modified, be affirmed.

Judgment modified, by reducing the amount of the recovery to the sum of $150 and appropriate costs in the court below, and, as so modified, affirmed, without costs of this appeal to either party. All concur.